**Kermit George HILLIARD,
Petitioner-Appellant,**

v.

**Larry KINCHELOE and Kenneth O. Eikenberry, Respondents-Appellees.**

No. 84–3818.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 7, 1986.

Decided Aug. 6, 1986.

Kermit George Hilliard, Walla Walla, Wash., in pro. per.

David B. Bukey, Seattle, Wash., for petitioner-appellant.

No appearance for respondents-appellees.

Before TANG, PREGERSON, and ALARCON, Circuit Judges.

ORDER

Kermit George Hilliard appeals the district court's denial of his motion for an extension of time in which to appeal the dismissal of his petition for writ of habeas corpus. *See* Fed.R.App.P. 4(a)(5).

Hilliard was convicted in the Washington state court of second degree assault. The conviction was affirmed on appeal. *State v. Hilliard,* 89 Wash.2d 430, 573 P.2d 22 (1977) (en banc). On October 18, 1983, Hilliard filed a pro se petition for a writ of habeas corpus in federal court. He also filed a motion for the appointment of coun-

sel on the same date. The district court did not rule on this motion.

On December 1, 1983, the district court adopted the magistrate's recommendation and dismissed Hilliard's petition for writ of habeas corpus as successive and abusive.

On January 12, 1984, this court dismissed on its own motion Hilliard's purported appeal from the dismissal of his petition for writ of habeas corpus for lack of jurisdiction. The purported appeal, filed November 18, 1983, was filed prematurely and not within 30 days after entry of the district court's judgment. Fed.R.App.P. 4(a)(1). Our order notified Hilliard that he could request an extension of time to file an appeal from the district court's December 1, 1983, judgment. We did not appoint counsel for Hilliard at that time nor did we suggest to the district court that he required representation. Hilliard filed his motion for an extension of time on January 20, 1984. The district court denied his request on March 1, 1984. Hilliard timely appealed the order denying an extension of time.

This matter was originally selected as appropriate for disposition without oral argument. After a review of Hilliard's original brief in this matter filed in propria persona, this court determined that Hilliard should be represented by counsel. Accordingly, on December 30, 1985, we appointed David B. Bukey to represent him. We have now reviewed the brief filed by Mr. Bukey. Mr. Bukey has advised us that Hilliard's motion for an extension of time filed in propria persona pursuant to the court's order failed to set forth the factual history of the appeal or to give the reasons why a timely notice of appeal was not filed. Mr. Bukey also advised us at oral argument that his investigation has revealed facts not presented to the district court by Hilliard when he was unrepresented by counsel that establish excusable neglect and good cause for the untimely filing of his notice of appeal.

We believe that the interests of justice would be served if Hilliard were given an opportunity to present any facts that may explain his untimely appeal. That was this court's intent at the time we dismissed the appeal from the dismissal of his petition for a writ of habeas corpus. We now recognize that Hilliard was incapable of presenting such facts without counsel.

Accordingly, the order of the district court is vacated. This matter is remanded so that the district court may consider evidence, if any exists, and make appropriate findings showing excusable neglect or good cause for the untimeliness of Hilliard's appeal. David B. Bukey shall continue to represent Hilliard in such proceedings and in any future appeal of this matter. We also believe it would be helpful if, in the future, reports and recommendations filed by magistrates with the district court and served on parties clearly state that the reports and recommendations are not appealable orders and that any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment.

VACATED and REMANDED.