944 F.2d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Abdullah MUHAMMAD, Plaintiff-Appellant,
v.
Jim ROWLAND, Defendant-Appellee.
 No. 90-15776.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1991.*
Decided Sept. 11, 1991.
 
 Before CANBY, DAUOR, THOMPSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Abdullah Muhammad, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous under 28 U.S.C. § 1915(d). The district court found that Muhammad's fourth amended complaint failed to comply with Fed.R.Civ.P. 8. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We review de novo, Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989), and vacate and remand.
 
 
 3
 In his original complaint, Muhammad alleged claims for denial of medical treatment, use of excessive force, loss of good time credits, and inadequate law library. The magistrate dismissed the complaint as frivolous because it did not contain a short and plain statement of the claim pursuant to Rule 8(a). Muhammad then filed four amended complaints, each of which was dismissed for the same reason. In its order dismissing Muhammad's third amended complaint, the magistrate instructed Muhammad to separate his claims into separate actions in order to comply with Rule 8. Muhammad then filed a fourth amended complaint, which contained some of his original claims and some new claims. The magistrate then recommended that the action be dismissed as frivolous because Muhammad still failed to comply with Rule 8 and further amendment would be futile. The district court dismissed the action without prejudice.
 
 
 4
 All that is required under Rule 8(a) are sufficient allegations to put defendants fairly on notice of the claims against them. McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991). Here, the complaints alleged specific constitutional violations by particular defendants on specific dates. The complaints therefore gave the defendants fair notice of the claims against them.
 
 
 5
 Frivolous in forma pauperis complaints may be dismissed sua sponte under 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or fact." Id. at 325; McKeever, 932 F.2d at 798. In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). "A complaint is frivolous only if it contains 'inarguable legal conclusion[s]' or 'fanciful factual allegations.' " McKeever, 932 F.2d at 798 (quoting Neitzke, 490 U.S. at 325). If the plaintiff has an arguable claim, he is entitled to issuance and service of process. Jackson, 885 F.2d at 640.
 
 
 6
 Here, we cannot say from the face of Muhammad's complaints that his claims lack an arguable basis in law or in fact. Thus, because Muhammad has an arguable claim, he is entitled to issuance and service of process. Jackson, 885 F.2d at 640.
 
 VACATED AND REMANDED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4. Accordingly, Muhammad's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Muhammad filed his notice of appeal from the magistrate's Report and Recommendation, which was not a final appealable order. See Hilliard v. Kincheloe, 796 F.2d 308, 309 (9th Cir.1986). We construe Muhammad's letter to the clerk of this court, received June 26, 1990, as a notice of appeal because it was filed within 30 days after the district court's amended order, entered May 30, 1990. See Allah v. Superior Court of Cal., 871 F.2d 887, 889 (9th Cir.1989). Thus, we have jurisdiction to hear the appeal
 
 
 [2]
 In light of our disposition of this appeal, we deny Muhammad's motion for appointment of counsel