52 F.3d 332
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Stephen CANDELARIA, Petitioner-Appellant,
v.
James H. GOMEZ, Director, California Department of
Corrections; J.S. Stainer, Warden, California
Correctional Institute, Tehachapi,
Respondents-Appellees.
 No. 94-55204
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1995.*
Decided April 19, 1995.
 
 Appeal from the United States District Court, for the Central District of California, D.C. No. CV-93-00676-GLT; Gary L. Taylor, District Judge, Presiding.
 Before: NOONAN, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stephen Candelaria (Candelaria) appeals the district court's denial of his 28 U.S.C. Sec. 2254 habeas corpus petition, challenging his conviction for first-degree murder. We dismiss the appeal for failure to file a timely notice of appeal.
 
 FACTS AND PRIOR PROCEEDINGS
 
 3
 On October 29, 1993, the district court dismissed Candelaria's petition with prejudice. On December 10, 1993, Candelaria filed an untimely notice of appeal accompanied by an application to the district court for extension of time under Fed.R.App.P. 4(a)(5). On the same day, the petitioner filed another notice of appeal in this court. On February 5, 1994, the district court denied the application for extension of time to file a notice of appeal. On February 17, 1994, Candelaria filed a request for a certificate of probable cause in this court. On March 14, 1994, a panel of this court (Judges Fletcher and Brunetti) issued a certificate of probable cause and ordered a briefing schedule. On August 9, 1994, the appellant was ordered by this court to show cause why this appeal should not be dismissed for failure to file a timely notice of appeal.
 
 
 4
 Candelaria's counsel responded to the order to show cause, claiming that his client's move from one prison to another had caused communication problems. Defense counsel's main argument, however, was that he and Candelaria's parents had miscommunicated on the filing of the notice of appeal.
 
 
 5
 The appellees argue that "the grounds Candelaria puts forward are the same as those rejected by the district court when that court denied Candelaria's application for an extension of time in which to file his appeal." The appellees ask that we dismiss the appeal.
 
 DISCUSSION
 
 6
 A petitioner must file his notice of appeal in a timely fashion. As we have held in Tinsley v. Borg, 895 F.2d 520, 523 (Cir.1990):
 
 
 7
 To appeal a district court's denial of a petition for habeas corpus, the applicant must file a timely notice of appeal (here 30 days) and obtain a certificate of probable cause from the district court. 28 U.S.C. Sec. 2253; Fed.R.App.P. 4(a) and 22(b)[.]
 
 
 8
 Id. (citation omitted). Candelaria did not file within 30 days after the judgment. Instead, he filed a motion for extension of time 37 days after the judgment. As we have held,
 
 
 9
 Rule 4(a)(5) provides for extensions of time in limited circumstances. An appellant may, by motion and upon a showing of good cause or excusable neglect, obtain an extension beyond the initial 30-day period. Fed.R.App.P. 4(a)(5).
 
 
 10
 Malone v. Aveneti, 850 F.2d 569, 571 (9th Cir.1988).
 
 
 11
 Here, the district court found that defense counsel's reasons did not constitute excusable neglect under Fed.R.App.P. 4(a)(5). Under Hilliard v. Kincheloe, 796 F.2d 308, 309 (9th Cir.1986), the order denying the motion for extension of time is appealable, but petitioner failed to appeal the district court's denial of his motion.
 
 
 12
 Because we lack jurisdiction, the appeal is dismissed.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3