**Jerald Leroy DAVIS, Petitioner-Appellant,**

v.

**DEPARTMENT OF CORRECTIONS et al., Respondent-Appellee.**

**No. 26820.**

United States Court of Appeals, Ninth Circuit.

July 22, 1971.

Jerald Leroy Davis, in pro. per.

Jack K. Weber, Cal. Deputy Atty. Gen., Los Angeles, Cal., for appellee.

Before HAMLEY, ELY, and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Appellant, a state prisoner, appeals from the dismissal of his civil rights action. He challenged the constitutionality of a part of California's parole revocation procedure pursuant to which his parole was revoked and his sentence refixed to life imprisonment.

 We reject appellee's contention that appellant's appeal is untimely. Although the district court dismissed the action on April 13, 1970, judgment was not entered until July 13, 1970. Within 30 days after entry of judgment, appellant filed a motion for a certificate of probable cause. There is no provision for such a motion in a civil rights case. The motion was denied. He thereafter filed a notice of appeal. We treat the defective motion for a certificate of probable cause as a notice of appeal. That motion clearly indicated appellant's wish to appeal the dismissal of his case. This court has not insisted upon proce-

dural niceties in the form in which notices of appeal are cast. (E. g., Curtis Gallery & Library, Inc. v. United States (9th Cir. 1967) 388 F.2d 358; Poe v. Gladden (9th Cir. 1961) 287 F.2d 249; Yanow v. Weyerhaeuser S. S. Co. (9th Cir. 1958) 274 F.2d 274, cert. denied (1960) 362 U.S. 919, 80 S.Ct. 671, 4 L. Ed.2d 739.)

Appellant was proceeding in forma pauperis. (See 28 U.S.C. § 1915(a); C.D.Cal.R. 24(b).) The district court's dismissal of the action for failure of appellant to effect service was erroneous. Under 28 U.S.C. § 1915(c), the officers of the court should have effected service. Potter v. McCall (9th Cir. 1970) 433 F.2d 1087 establishes the guidelines for the procedural conduct of a civil rights action filed by an incarcerated plaintiff.

The judgment is reversed and the cause is remanded to the district court.