**H.T. TRUETT, Sr., Plaintiff-Appellant,**

v.

**JOHNS-MANVILLE SALES CORP., et al., Defendants-Appellees.**

**No. 84–8008**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 10, 1984.

Roger B. Lane, Brunswick, Ga., for plaintiff-appellant.

J. Douglas Stewart, Gainesville, Ga., for Nicolet.

J. Wayne Pierce, Atlanta, Ga., for Forty-Eight & Eagle-Picher.

William C. Reed, Augusta, Ga., for Fibreboard.

James E. Mahar, Jr., Gainesville, Ga., for UNARCO.

Charles B. Mikell, Jr., Savannah, Ga., for Celotex.

Before FAY, VANCE and KRAVITCH, Circuit Judges.

PER CURIAM:

On October 18, 1983, the district court entered an order of summary judgment in favor of appellees. On December 8, 1983, fifty-one days after the entry of final judgment, appellant filed an untimely notice of appeal together with a motion for extension of time for appeal. Finding excusable neglect warranting an extension of time, the district court granted the motion *ex parte*. Appellees now move this court to dismiss the appeal as untimely on the ground that appellant did not comply with the requirements of Fed.R.App.P. 4(a)(5) by failing to notify them of the motion for extension.

Fed.R.App.P. 4(a)(5) provides:

The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a). Any such motion which is filed before expiration of the prescribed time may be *ex parte* unless the court otherwise requires. *Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other party in accordance with local rules.* No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later. (Emphasis added).

The Rule authorizes the district court to act *ex parte* only if the motion is filed within the "time prescribed by this Rule 4(a)," which, in cases not involving the United States as a party, is thirty days from the entry of final judgment. *See* Fed.R.App.P. 4(a)(1). If a motion for extension is filed after the expiration of the original thirty-day period, as it was here, Rule 4(a)(5) requires that notice be given to the other parties. In their motion to dismiss the appeal, appellees have alleged that the earliest any appellee knew of the motion for extension was when notices of appeal were received on January 6, 1984, eighty days after entry of final judgment. Appellant did not dispute this assertion in his response to the motion to dismiss, nor does it appear from the record that appellees were notified.

Because appellant filed the motion after the original thirty-day period prescribed by Fed.R.App.P. 4(a)(1), the district court was without jurisdiction to grant the motion *ex parte*. The court's order granting the motion therefore was void *ab initio*. *See Oda v. Transcon Lines Corp.,* 650 F.2d 231 (10th Cir.1981); *cf. Diffenderfer v. Homer,* 408 F.2d 1344 (5th Cir.1969) (construing similar

provision in Rule 4(a) prior to 1979 amendment[1]). Accordingly, the appeal must be dismissed as untimely.

Appeal DISMISSED.

---

1. The pre-1979 version of Rule 4(a) provided in part:

Upon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision. Such an extension may be granted before or after the time otherwise prescribed by this subdivision has expired; *but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate.* (Emphasis added).