Timothy MALONE,
Petitioner–Appellant,

v.

John AVENENTI, Warden; Robert Corbin, Attorney General,
Respondents–Appellees.

No. 86–15011.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 12, 1988.

Submission Withdrawn March 1, 1988.

Resubmitted March 23, 1988.

Decided June 28, 1988.

tence. *Palafox*, 764 F.2d at 564.

Howard A. Kashman, Tucson, Ariz., for petitioner-appellant.

Greg A. McCarthy, Asst. Atty. Gen., Dept. of Law, State of Ariz., Phoenix, Ariz., for respondents-appellees.

Before ALDISERT,[*] WALLACE and SCHROEDER, Circuit Judges.

WALLACE, Circuit Judge:

Malone seeks to appeal the dismissal by the district court of his petition for a writ of habeas corpus. We do not reach the merits of his appeal because Malone failed to perfect his appeal under rule 4(a) of the Federal Rules of Appellate Procedure.

## I

The judgment denying Malone's petition was entered on September 24, 1986. No appeal was taken within the 30–day period prescribed by rule 4(a)(1) of the Federal

---

[*] Honorable Ruggero J. Aldisert, United States Circuit Judge, Third Circuit, sitting by designation.

Rules of Appellate Procedure. On November 14, 1986, the district court received a letter from Malone inquiring whether Malone had a right to appeal and stating that he had been unable to communicate with his "jailhouse lawyer." The district court treated the letter as a motion for extension of time for filing an appeal, and entered an order granting the "motion" on November 26, 1986. In this order, the district court also treated Malone's letter as a notice of appeal, and the letter was filed as such on November 26, 1986.

On August 28, 1987, respondents Aventi, et al. (State) filed a motion to dismiss Malone's appeal on the grounds that the appeal had not been timely filed under rule 4(a)(1), and that no motion to extend the time for taking an appeal had been filed under rule 4(a)(5), Fed.R.App.P. On September 17, 1987, a motions panel of this court denied the State's motion. On March 1, 1988, we withdrew this case from submission and ordered the parties to show cause why this appeal should not be dismissed for lack of appellate jurisdiction. After careful review of the briefs filed in response to this order, the record, and our precedents, we conclude that Malone's appeal must be dismissed for lack of appellate jurisdiction.

## II

■ We first address Malone's contention that the "law of the case" doctrine prevents our reconsideration of the issue of our jurisdiction. Malone contends the decision of the motions panel denying the State's motion to dismiss precludes us from addressing the question whether Malone complied with the requirements of rule 4(a). The only authority cited in support of this contention is *Arizona v. California*, 460 U.S. 605, 618–19 & n. 8, 103 S.Ct. 1382, 1391 & n. 8, 75 L.Ed.2d 318 (1983), where the Supreme Court outlined the contours of the "law of the case" doctrine. Malone's response to our order to show cause did not, however, disclose, much less attempt to distinguish, Ninth Circuit authority expressly rejecting his "law of the case" argument.

In *United States v. Houser*, 804 F.2d 565 (9th Cir.1986) (*Houser*), we considered and rejected a claim that the law of the case doctrine bars a panel reviewing the merits of an appeal from reconsidering a motions panel's jurisdictional ruling. The time limits set forth in rule 4 are mandatory and jurisdictional. *See id.* at 568. Because we are obligated to dismiss whenever it becomes apparent that we lack jurisdiction, we held that the fact that a prior motions panel had denied a motion to dismiss could not free us from our independent duty to decide whether an appeal was untimely under rule 4. *Id.* We concluded, therefore, that "the doctrine of 'law of the case' is inapplicable to the question of our jurisdiction to consider an appeal." *Id.* at 569; *see also National Industries, Inc. v. Republic National Life Insurance Co.*, 677 F.2d 1258, 1262 (9th Cir.1982) (*National*) (a denial of a motion to dismiss by a motions panel does not foreclose a merits panel from reconsidering and deciding the issue of its jurisdiction to consider an untimely appeal). Malone has not pointed to any authority that undermines the conclusion we reached in *Houser*. We therefore reject Malone's contention that the "law of the case" doctrine prevents our reconsideration of the issue of our appellate jurisdiction.

## III

■ An appeal from a denial of a habeas petition is considered a "civil" matter and is thus subject to the time limitations set forth in rule 4(a), Fed.R.App.P. *Pettibone v. Cupp*, 666 F.2d 333, 334 (9th Cir.1981) (*Pettibone*). Under rule 4(a)(1), the petitioner's notice of appeal must be filed within 30 days of the date of judgment. *Id.* Rule 4(a)(5) provides for extensions of time in limited circumstances. An appellant may, by motion and upon a showing of good cause or excusable neglect, obtain an extension beyond the initial 30–day period. Fed.R.App.P. 4(a)(5). A party who seeks an extension during the 30–day period following the entry of the judgment may do so by an ex parte motion. *Id.* Where, however, a party seeks an extension after

the initial 30–day period has elapsed, he must do so by formal motion with notice to the other parties. *Id.; see also* Note to Subdivision (a)(5), Notes of Advisory Committee on Appellate Rules following Fed.R. App.P. 4; *Pettibone,* 666 F.2d at 335 (rule 4(a)(5) expressly requires that appellant seeking extension of time after expiration of initial 30–day period file formal motion requesting extension of time). Where an appellant fails to file a notice of appeal within the initial 30–day period set forth in rule 4(a)(1), and likewise fails effectively to move for an extension of time within the 30–day grace period set forth in rule 4(a)(5), this court must dismiss the appeal for lack of appellate jurisdiction. *Johnson v. Pulley,* 685 F.2d 327, 327–28 (9th Cir. 1982) (per curiam) (*Johnson*); *Pettibone,* 666 F.2d at 335 (where appellant failed to file formal motion requesting extension of time within 30–day grace period, appeal must be dismissed rather than remanded to district court). The procedures set forth in rule 4 are strictly construed; there is no exception for prisoners proceeding pro se or for habeas corpus actions. *Pettibone,* 666 F.2d at 335; *United States ex rel. Leonard v. O'Leary,* 788 F.2d 1238, 1240 (7th Cir.1986) (per curiam) (*O'Leary*); *Shah v. Hutto,* 722 F.2d 1167, 1168 (4th Cir.1983) (en banc) (*Shah*), *cert. denied,* 466 U.S. 975, 104 S.Ct. 2354, 80 L.Ed.2d 827 (1984). In the present case, Malone failed to file a notice of appeal within 30 days of the date of the judgment dismissing his petition, and the 30–day grace period for filing a motion to extend has long since expired. We therefore lack jurisdiction to hear his appeal unless the letter received by the district court on November 14, 1986, satisfied the requirements of rule 4(a)(5). *See Pettibone,* 666 F.2d at 335.

■ Malone's letter did not constitute a motion for extension of time. First, the letter did not explicitly request an extension of time, but merely inquired about the availability of an appeal. Even if the district court were permitted to construe Malone's letter as a belated notice of appeal, it could not construe the notice as a motion for extension of time. Rule 4(a)(5), as amended in 1979, requires a formal motion, as opposed to the less formal procedure tolerated under the rule prior to the amendment. *Id.* at 335; *Shah,* 722 F.2d at 1168. "The language of the amended Rule ... precludes us from remanding ... on the theory that an untimely notice of appeal *itself* might be considered by the district judge as a motion for extension of time." *Pettibone,* 666 F.2d at 335; *see also O'Leary,* 788 F.2d at 1239 (district court may not extend time on basis of an informal application); *Shah,* 722 F.2d at 1168–69 (the language of the rule expressly requires the filing of a motion for extension of time; a bare notice of appeal cannot be construed as a motion for extension where no request for additional time is manifest).

Second, rule 4(a)(5) explicitly requires that a motion to extend filed during the 30–day grace period must give notice to the parties in accordance with local rules. Fed. R.App.P. 4(a)(5). In the present case, the district judge, without notice to the State or a hearing, entered an order granting Malone an extension of time and treating his informal application as a notice of appeal. Under Ninth Circuit precedent and the clear language of the rule itself, the district court was without authority to act ex parte; it could proceed only upon motion and after notice of hearing served on the State. *North Umberland Mining Co. v. Standard Accident Insurance Co.,* 193 F.2d 951, 952 (9th Cir.1952) (*North Umberland*); *see* Advisory Committee Notes following rule 4 (explaining that rule 4(a)(5) codifies the *North Umberland* holding); *see also Truett v. Johns–Manville Sales Corp.,* 725 F.2d 1301, 1302 (11th Cir.1984) (per curiam) (*Truett*) (where appellant files motion for extension after the original 30–day period prescribed by Fed.R.App.P. 4(a)(1), the district court is without jurisdiction to grant the motion ex parte).

The State alleges that it was not notified of Malone's letter until after the order granting Malone an extension of time had become a *fait accompli.* It appears from the record that the State was not notified before the district court acted on the letter as required by rule 4(a)(5). The district court's order granting Malone an extension

of time ex parte was therefore void *ab initio. North Umberland,* 193 F.2d at 952; *Truett,* 725 F.2d at 1302.

Finally, even if Malone had timely filed a motion for an extension of time, the district judge could not grant it unless he determined that Malone demonstrated "excusable neglect." Fed.R.App.P. 4(a)(5). This standard is strictly construed against late filers. *State of Oregon v. Champion International Corp.,* 680 F.2d 1300, 1301 (9th Cir.1982) (*Champion*); *Selph v. Council of City of Los Angeles,* 593 F.2d 881, 883 (9th Cir.1979). "It was intended to apply only to 'extraordinary cases where injustice would otherwise result.'" *Champion,* 680 F.2d at 1301, *quoting In re Estate of Butler's Tire and Battery Co.,* 592 F.2d 1028, 1034 (9th Cir.1979).

The only excuse Malone alleged in his letter to the court was that he had no way of communicating with his inmate legal advisor. In its order granting Malone an extension of time, the district court found this sufficient to justify an extension of time under rule 4(a)(5). In doing so, the district court effectively adopted a per se rule that unrepresented prisoners are, by virtue of their lack of representation, exempt from the time limitations set forth in rule 4(a)(1). This per se approach has been rejected in the many cases holding that pro se prisoners, like other litigants, must comply with rule 4. *See, e.g., Pettibone,* 666 F.2d at 335; *O'Leary,* 788 F.2d at 1240; *Shah,* 722 F.2d at 1168; *see also Pryor v. Marshall,* 711 F.2d 63, 64–65 (6th Cir.1983); *Mayfield v. United States Parole Commission,* 647 F.2d 1053, 1054–55 (10th Cir.1981) (per curiam). Thus, Malone's status as an unrepresented prisoner could not, standing alone, establish "excusable neglect" within the meaning of rule 4(a)(5).

In conclusion, Malone's notice of appeal in this case suffered from at least three infirmities, each of which prevent our exercising our appellate jurisdiction in this case. First, Malone's letter, which did not ask for an extension of time, did not constitute a formal motion for extension as required by rule 4(a)(5). Second, the district court was without power to grant Malone's applica-

tion on an ex parte basis. Third, Malone's letter did not reveal circumstances justifying a finding of excusable neglect. We must therefore dismiss Malone's appeal for lack of appellate jurisdiction.

## IV

Malone also contends that he is exempt from the operation of rule 4(a) for two reasons. First, Malone points out that in an earlier appeal to this court, we affirmed in part and reversed and remanded in part to the district court for "further consideration in light of *Estelle [v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981) ]." Malone argues that we thus retained jurisdiction over his first appeal, and that, therefore, he was not required to file a new notice of appeal to this court. We disagree. Although we have power to retain jurisdiction and order a limited remand, our previous decision did not indicate any intention to do so. Where, as here, a decision remanding for further proceedings in the district court does not explicitly express the court's intention to retain jurisdiction over the appeal, a litigant wishing to appeal an order of the district court after remand must file a new notice of appeal within the period prescribed by rule 4(a). *See Cel-A-Pack v. California Agricultural Labor Relations Board,* 680 F.2d 664, 668 (9th Cir.), *cert. denied,* 459 U.S. 1071, 103 S.Ct. 491, 74 L.Ed.2d 633 (1982).

Second, Malone argues that we have jurisdiction over his appeal pursuant to the "unique circumstances" doctrine, under which we may accept an untimely appeal when a party delayed filing his notice of appeal within the 30–day time limit of rule 4(a)(1) in reliance on an error or omission by the district court. *See, e.g., United Artists Corp. v. La Cage Aux Folles, Inc.,* 771 F.2d 1265, 1267–70 (9th Cir.1985) (*United Artists*). Malone argues that his failure to comply with the requirements of rule 4(a)(5) was the result of the district court's order granting his motion for extension of time. Had the district court not issued the order, he argues, but informed him that he needed to satisfy other procedural requirements, he could have done so

within the prescribed time. This argument also lacks merit.

Under the "unique circumstances" doctrine,

> [C]ourts will permit an appellant to maintain an otherwise untimely appeal in unique circumstances in which the appellant reasonably and in good faith relied upon judicial action that indicated to the appellant that his assertion of his right to appeal would be timely, *so long as the judicial action occurred prior to the expiration of the official time period such that the appellant could have given timely notice had he not been lulled into inactivity.*

*United Artists,* 771 F.2d at 1268, *quoting Willis v. Newsome,* 747 F.2d 605, 606 (11th Cir.1984) (per curiam) (emphasis added). The "unique circumstances" doctrine is clearly inapplicable in the present case. The district court's order granting Malone an extension of time and treating his letter as a notice of appeal was not entered until November 26, 1986, 33 days *after* the expiration of the time period prescribed in rule 4(a)(1). Malone cannot, therefore, contend that he could have given timely notice had he not been lulled into inactivity by the district court's order. *United Artists,* 771 F.2d at 1268 ("unique circumstances" doctrine applies only "so long as the judicial action occurred prior to the expiration of the official time period"); *see also Barry v. Bowen,* 825 F.2d 1324, 1329 (9th Cir.1987) ("In fashioning this narrow exception, courts have deemed it important for establishing reasonable reliance that the period for timely filing had not elapsed at the time of the district court's action.").

APPEAL DISMISSED.

SCHROEDER, Circuit Judge, concurring in the result.

I cannot join in the majority's criticism of the district court for construing appellant's letter as a motion for extension of time. The 1979 amendments to the rules require that appellants ask for an extension of time once 30 days has elapsed since judgment. District courts therefore may no longer construe an untimely notice of appeal as a motion for extension of time. *Pettibone v. Cupp,* 666 F.2d 333, 335 (9th Cir.1981); *Shah v. Hutto,* 722 F.2d 1167, 1168 (4th Cir.1983) (en banc), *cert. denied,* 466 U.S. 975, 104 S.Ct. 2354, 80 L.Ed.2d 827 (1984); *United States ex rel. Leonard v. O'Leary,* 788 F.2d 1238, 1240 (7th Cir.1986) (per curiam). But the district court could reasonably have construed appellant's letter as a motion for extension of time given the liberal construction generally given pro se documents. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652, *reh'g denied,* 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972). *See Wilborn v. Escalderon,* 789 F.2d 1328, 1330 (9th Cir.1986); *Davis v. Dept. of Corrections,* 446 F.2d 644, 645 (9th Cir.1971); *Curtis Gallery & Library, Inc. v. United States,* 388 F.2d 358, 360 (9th Cir.1968).

I also cannot join in the majority's criticism of the district court for finding excusable neglect, given the facts of this case. Appellant explained in the letter that he not only had lost his jailhouse lawyer, but that he had been moved to a new detention center due to threats against his life, and that he was not allowed phone calls. In the time available, he had nowhere to turn.

I must, however, concur in the dismissal of the appeal. On the basis of the information before this panel, it is clear that the appellant did not provide notice to the state of his request to the district court. His request was made after the expiration of the original thirty-day appeal time. Notice was required and the district court could not have granted any effective extension ex parte. That is the holding of this court in *North Umberland Mining Co. v. Standard Ace Ins. Co.,* 193 F.2d 951 (9th Cir. 1952), interpreting former Rule 73 of the Federal Rules of Civil Procedure governing timely filing of notices of appeal. The Advisory Committee Rule notes to FRAP 4 explain that it codifies the *North Umberland* holding. *See also Diffenderfer v. Homer,* 408 F.2d 1344, 1346 n. 6 and 7 (5th Cir.1969). The circuits appear to have spoken with a single voice on the subject. *See Truett v. Johns–Mansville Sales Corp.,* 725 F.2d 1301, 1302 (11th Cir.1984) (per

curiam); *Oda v. Transcon Lines,* 650 F.2d 231, 232 (10th Cir.1981); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Kurtenbach,* 525 F.2d 1179, 1182 (8th Cir.1975); *Plant Economy, Inc. v. Mirror Insulation Co.,* 308 F.2d 275, 277 (3d Cir.1962).