949 F.2d 399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul Julian MANEY, Petitioner-Appellant,
v.
Carlton ZENON, Respondent-Appellee.
 No. 91-35148.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1991.*
Decided Dec. 10, 1991.
 
 Before TANG, O'SCANNLAIN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul Julian Maney, an Oregon state prisoner, appeals the district court's decision dismissing his pro se habeas corpus petition filed pursuant to 28 U.S.C. § 2254. We dismiss the appeal for lack of appellate jurisdiction.
 
 
 3
 Although we are required to construe liberally pro se habeas petitions, Maleng v. Cook, 490 U.S. 488, 493 (1989), all parties are held to the same standard when invoking the jurisdiction of this court, see Malone v. Avenenti, 850 F.2d 569, 572 (9th Cir.1988). "A notice of appeal filed before the disposition of [a Fed.R.Civ.P 59(e) motion] shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion...." Fed.R.App.P. 4(a)(4). This rule is jurisdictional. See id.; Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1418-19 (9th Cir.1984).
 
 
 4
 The district court entered judgment in this case on December 12, 1990. Five days later, on December 17, Maney served by mail a motion to reconsider. See Fed.R.Civ.P. 5(b) ("Service by mail is complete upon mailing.").[1] Because the motion was served not later than ten days after entry of judgment, it is best characterized as one made pursuant to Fed.R.Civ.P. 59(e). See Sierra On-Line, 739 F.2d at 1419. The district court did not dispose of the motion until January 18, 1991. Therefore, Maney's notice of appeal, filed December 20, 1990, was of no effect. See Fed.R.App.P. 4(a)(4). No subsequent notice of appeal having been filed, appellate jurisdiction is lacking.
 
 
 5
 DISMISSED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Maney's motion to reconsider was filed in the district court on December 20