988 F.2d 118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Thomas DEPKI, Petitioner-Appellant,
v.
George SUMNER, et al., Respondents-Appellees.
 No. 91-15816.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 18, 1992.*
Decided Feb. 23, 1993.
 
 Appeal from the United States District Court for the District of Nevada, No. CV-89-250-ECR; Edward C. Reed, District Judge, Presiding.
 D.Nev.
 AFFIRMED.
 Before WILLIAM A. NORRIS, BEEZER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In 1979, Depki picked up a hitchhiker, forced him at gunpoint to perform various sexual acts, robbed him, and shot him. He was convicted and sentenced in state court in Nevada for several crimes he committed in the course of that incident, appealed, and lost. The case before us arises out of a habeas corpus petition he filed in United States District Court in 1989. The district court dismissed his petition on July 31, 1990, finding that Depki had procedurally defaulted on his claims by failing to raise them on direct appeal and had failed to show good cause for the procedural default. Five months later, on January 11, 1991, Depki moved for reconsideration, claiming as his good cause that he was ignorant of the law. The district court denied this motion on March 4, 1991, on the alternative grounds that the motion lacked merit and was not timely filed.
 
 
 3
 On March 21, 1991, Depki filed a notice of appeal of "the order of denial of petitioners [sic] writ of habeas corpus ... on March 4, 1991." The district court treated the notice of appeal as a request for a certificate of probable cause and denied the request, finding that the appeal was untimely and lacked merit. On August 13, 1991, this court granted Depki's request for a certificate of probable cause. On November 25, 1991, a motions panel denied appellees' motion to dismiss Depki's appeal as untimely because he filed his notice of appeal within thirty days of the denial of the motion for reconsideration.
 
 
 4
 We have no jurisdiction over Depki's appeal of the July 1990 dismissal of his petition. He did not appeal the dismissal within thirty days or ask for an extension within that period. Malone v. Avenenti, 850 F.2d 569, 571 (9th Cir.1988).
 
 
 5
 The notice of appeal uses the date of the order denying reconsideration, but does not state that it is from that order. Following the motions panel, which evidently relied on the date to which the order refers rather than the words describing it, we treat it as a notice of appeal from the order denying reconsideration. As such, it is timely.
 
 
 6
 Depki did not specify the authority for his motion for reconsideration, so we do not know whether it was a Rule 59 motion, a Rule 60 motion, or a motion pursuant to local rules of the District of Nevada. The interpretation most favorable to Depki would be that it was a Rule 60 motion, which must be made within a "reasonable" time. The district court decision denying a motion for reconsideration is reviewed for abuse of discretion and will be reversed only upon a clear showing of abuse of discretion. Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989). Depki does not argue that the district court abused its discretion by denying his motion as untimely or meritless. The claim must therefore be treated as abandoned. Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir.1988). Even if Depki did not mean to abandon his claim, he has not demonstrated abuse of discretion in the district court's denial of his motion, and no abuse of discretion is apparent to us.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3