5 F.3d 537
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Frank H. MARTIN, Joanne D. Martin, Plaintiffs-Appellants,
v.
COUNTY OF STANISLAUS, et al., Defendants-Appellees.
 No. 91-16799.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 14, 1993.
Decided Sept. 15, 1993.
 
 1
 Appeal from the United States District Court, for the Eastern District of California, D.C. No. CV-90-00163-EDP; Edward D. Price, District Judge, Presiding.
 
 
 2
 E.D.Cal.
 
 
 3
 DISMISSED IN PART, AFFIRMED IN PART.
 
 
 4
 Before: POOLE and FERNANDEZ, Circuit Judges, KELLEHER, District Judge.*
 
 
 5
 MEMORANDUM**
 
 
 6
 Frank and Joanne Martin appeal the district court's summary judgment in favor of Stanislaus County and two Stanislaus County social workers in the Martins' 42 U.S.C. Sec. 1983 action alleging that their civil rights were violated because the social workers entered their home without a warrant to investigate allegedly unhealthy living conditions. They also appeal the district court's denial of their motion for an extension of time to file their notice of appeal.
 
 
 7
 * To the extent that the Martins attempt to appeal the district court's July 11, 1991 summary judgment, we lack jurisdiction over this appeal because the Martins did not file a timely notice of appeal within thirty days after July 11, 1991. See Fed.R.App.P. 4(a)(1).
 
 
 8
 The Martins contend, however, that the district court's judgment did not comply with the requirements of the separate judgment rule.
 
 
 9
 The period for filing a notice of appeal begins upon "entry" of the judgment or order appealed from. Id. A judgment or order is not "entered" within the meaning of Rule 4(a), however, unless it is entered in compliance with Rules 58 and 79(a) of the Federal Rules of Civil Procedure. Fed.R.App.P. 4(a)(7); Vernon v. Heckler, 811 F.2d 1274, 1276 (9th Cir.1987). Under the requirements of these rules, which must be "mechanically applied," a separate sheet containing the judgment must be "distinct from any opinion or memorandum." Vernon, 811 F.2d at 1276 (citing Fed.R.Civ.P. 58 advisory committee note); see Fed.R.Civ.P. 58. If the district court has not entered a separate document setting forth the court's judgment, then "a party will not ordinarily be found to have exceeded any of the time periods set forth in Fed.R.App.P. 4(a)." Vernon, 811 F.2d at 1276 (quotation omitted).
 
 
 10
 Here, the district court entered its order granting summary judgment on April 11, 1991 and, after denying the Martins' motion for reconsideration on June 4, 1991, entered a separate judgment on July 11, 1991.
 
 
 11
 The Martins argue that this separate judgment does not comply with the requirements of Fed.R.Civ.P. 54(a) because it "contains 'a recital of pleadings' and 'the record of prior proceedings.' " See Fed.R.Civ.P. 54(a) ("[a] judgment shall not contain a recital of pleadings, the report of a master, or the record of prior proceedings"). This argument is not persuasive. The judgment does not recite the pleadings or contain a record of the prior proceedings. The judgment merely refers to the summary judgment pleadings and its prior orders granting summary judgment and denying the Martins' motion for summary judgment.
 
 
 12
 The Martins also argue that because the judgment reserved the issue of attorney's fees, it was not a final judgment.[1] This argument is not persuasive. "[A]ll attorney's fees requests are collateral to the main action. Thus, a judgment on the merits is final and appealable even though a request for attorney's fees is unresolved." International Assoc. of Bridge, Structural, Ornamental and Reinforcing Ironworkers' Local 75, 733 F.2d 656, 659 (9th Cir.1984); see Budinich v. Becton, Dickinson & Co., 486 U.S. 196, 201-02 (1988) (unresolved attorney's fee issue does not prevent judgment from being final under 28 U.S.C. Sec. 1291); Curry v. Del Priore, 941 F.2d 730, 731 (9th Cir.1991) (federal court has ancillary jurisdiction to review attorney's fees disputes arising from litigation pending before it). The district court's inclusion of the sentence regarding attorney's fees in its judgment is completely consistent with the rule that attorney's fees are collateral to the main action and with its own local rule that parties have 30 days after entry of a final judgment in which to file an application for attorney's fees. See E.D.Cal.Local R. 293(a).
 
 
 13
 Accordingly, we reject the Martins' argument that the district court's judgment was not a separate, final judgment.
 
 II
 
 14
 The Martins also contend that the district court abused its discretion by denying their motion for an extension of time to file their notice of appeal.
 
 
 15
 Fed.R.App.P. 4(a)(5) provides in relevant part:
 
 
 16
 The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time period prescribed by this Rule 4(a). Any such motion which is filed before the expiration of the prescribed time may be ex parte unless the court otherwise requires. Notice of such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with local rules.
 
 
 17
 Here, the Martins' motion for an extension of time to file their notice of appeal was filed on August 22, 1991, or 44 days after July 9, 1991, the date the district court entered its final judgment. Thus, their motion for an extension of time was filed within 30 days from the original appeals period and is timely under Fed.R.App.P. 4(a)(5). See Pratt, 850 F.2d at 592.
 
 
 18
 The Martins contend that the district court abused its discretion by denying their motion for an extension because the confusion regarding whether the district court's July 11, 1991 judgment was a final judgment established "good cause" such that the district court should have granted their motion for an extension. The Martins argue only "good cause" and do not argue that "excusable neglect" was grounds for granting their motion for an extension of time.
 
 
 19
 The "good cause" standard of Rule 4(a)(5) applies only to motions for extensions of time filed within the 30-day period for filing a timely notice of appeal under Rule 4(a)(1). See Oregon v. Champion Int'l Corp., 680 F.2d 1300, 1301 (9th Cir.1982) (per curiam) (if motion for extension of time is filed after initial appeals period has lapsed, district court may extend the time period only for excusable neglect, even if the motion for an extension of time is otherwise timely under Fed.R.App.P. 4(a)(5)) (applying Fed.R.App.P. 4(a)(5) advisory committee note);[2] accord Pratt, 850 F.2d at 592 (analyzed district court's denial of motion for an extension filed within 30 days after the initial appeals period lapsed for "excusable neglect").
 
 
 20
 The Martins argue, however, that the law is unclear in the Ninth Circuit regarding whether a timely Rule 4(a)(5) motion filed after the initial appeals period lapses may be granted upon a showing of "good cause." In support of their argument, they cite Sprout v. Farmers Ins. Exch., 681 F.2d 587, 588 (9th Cir.1982) ("[s]ince the Sprouts[, who filed a timely Rule 4(a)(5) motion,] sought an extension after the original 30 day period for appeal had ended, the extension could be granted only upon "a showing of excusable neglect or good cause' ") (quoting Fed.R.App.P. 4(a)(5)); see also Pratt, 850 F.2d at 592 ("district court may extend the appropriate time period set out in Rule 4(a)(1) 'if two requirements are met: (1) the motion for the extension of time is filed no later than 30 days after the expiration of the original appeal period; and (2) the moving party makes a sufficient showing of 'excusable neglect or good cause' for not meeting the original deadline. Fed.R.App.P. 4(a)(5).' ") (quoting Alaska Limestone Corp. v. Hodel, 799 F.2d 1409, 1411 (9th Cir.1986)).
 
 
 21
 The Sprout court, however, was merely quoting from Rule 4(a)(5). Moreover, even though the court noted that there was no good cause, the focus of its inquiry was excusable neglect. See Sprout, 681 F.2d at 588. Finally, Champion Int'l Corp. is consistent with the majority view that the "good cause" standard of Rule 4(a)(5) applies only to motions for extensions of time filed within Rule 4(a)'s appeals period. See 680 F.2d at 301.
 
 
 22
 In any event, the Martins' attorney's ignorance that the question of attorney's fees is a collateral matter is not "good cause" justifying the failure to file a notice of appeal. The Martins essentially argue that they were misled by the court's judgment, which suggests an analogy to those cases where this court has applied a "unique circumstances" exception to take jurisdiction over otherwise untimely appeals. See Malone v. Avenenti, 850 F.2d 569, 574 (9th Cir.1988) (quoting United Artists Corp v. La Cage Aux Folles, Inc., 771 F.2d 1265, 1267-70 (9th Cir.1985)).
 
 
 23
 This court has applied this exception, however, only in the context of affirmative action by the district court which "lulled [the litigant] into inactivity." Malone, 850 F.2d at 574; see Barry v. Bowen, 825 F.2d 1324, 1329 (9th Cir.1987) (district court responded to government's post-judgment motion for clarification and entered an amended judgment); United Artists, 771 F.2d at 1268 (plaintiff relied on district court's erroneous grant of sixty-day extension of time to file notice of appeal).
 
 
 24
 Here, the district court did not "itself suggest that the time for appeal ha[d] been extended," see Barry, 825 F.2d at 1329, and the Martins cannot argue that they were "lulled into inactivity by the district court[ ]," see Malone, 850 F.2d at 574, given that their attorney's misunderstanding of the law prevented the filing of a timely notice of appeal. In sum, the district court did not abuse its discretion by denying their motion for an extension of time to appeal the district court's summary judgment in favor of the Stanislaus defendants.
 
 
 25
 DISMISSED IN PART AND AFFIRMED IN PART.
 
 
 
 *
 Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The judgment contained a sentence that the defendants' "request for attorneys' fees under 42 U.S.C. Sec. 1988 be reserved pending a hearing" on the defendants' motion for fee
 
 
 [2]
 The advisory committee note to Fed.R.App.P. 4(a)(5) states that "[t]he proposed amended rule expands to some extent the standard for the grant of an extension of time. The present rule requires a "showing of excusable neglect." While this was an appropriate standard in cases in which the motion is made after the time for filing the notice of appeal has run, and remains so, it has never fit exactly the situation in which the appellant seeks an extension before the expiration of the initial time. In such a case "good cause," which is the standard that is applied in the granting of other extensions of time under Rule 26(b) seems to be more appropriate."