15 F.3d 1085
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jose Antonio GALVEZ, Jr., Petitioner-Appellant,
v.
Carl NINK, Respondent-Appellee.
 No. 92-16043.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 18, 1994.*
Decided Jan. 21, 1994.
 
 Before: REINHARDT, O'SCANNLAIN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Antonio Galvez, Jr., an Arizona state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 habeas petition. We dismiss the appeal for lack of jurisdiction.
 
 
 3
 A notice of appeal from a district court's judgment denying a habeas petition must be filed within thirty days of the date of judgment. Fed.R.App.P. 4(a)(1); Malone v. Avenenti, 850 F.2d 569, 571 (9th Cir.1988). The appellant may obtain an extension of time to file a notice of appeal, upon a showing of good cause or excusable neglect. Fed.R.App.P. 4(a)(5); Malone, 850 F.2d at 571. If the appellant seeks an extension of time after the initial thirty-day time period has expired, the appellant must file a formal motion. Fed.R.App.P. 4(a)(5); Malone, 850 F.2d at 571-72. District courts may not construe an untimely notice of appeal as a motion for extension of time. Pettibone v. Cupp, 666 F.2d 333, 335 (9th Cir.1981). "The procedures set forth in rule 4 are strictly construed; there is no exception for prisoners proceeding pro se or for habeas corpus actions." Malone, 850 F.2d at 572.
 
 
 4
 Here, the district court entered the judgment dismissing Galvez's habeas petition on April 20, 1992. Galvez filed his notice of appeal on June 3, 1992, forty-four days after the date of judgment. Thus, Galvez failed to file a timely notice of appeal from the district court's judgment. See Fed.R.App.P. 4(a)(1); Malone, 850 F.2d at 571. In addition, Galvez failed to file a timely motion requesting an extension of time to file a notice of appeal. See Fed.R.App.P. 4(a)(5); Malone, 850 F.2d at 571-72. Accordingly, we lack jurisdiction to hear this appeal. See Malone, 850 F.2d at 572.
 
 
 5
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3