42 F.3d 1399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul GULBENKIAN, Plaintiff-Appellant,
v.
INRYCO, INC., Defendant-Appellee.
 No. 94-15029.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 22, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul Gulbenkian appeals pro se the district court's dismissal of his in forma pauperis complaint. We dismiss the appeal for lack of jurisdiction.
 
 
 3
 A timely filed notice of appeal is both mandatory and jurisdictional. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978). In a civil case, the notice of appeal from a district court's judgment must be filed within thirty days of the date of judgment. Fed.R.App.P. 4(a)(1); Malone v. Avenenti, 850 F.2d 569, 571 (9th Cir.1988). The appellant may obtain an extension of time to file a notice of appeal, upon a showing of good cause or excusable neglect. Fed.R.App.P. 4(a)(5); Malone, 850 F.2d at 571. If the appellant seeks an extension of time after the initial thirty-day time period has expired, the appellant must file a formal motion. Fed.R.App.P. 4(a)(5); Malone, 850 F.2d at 571-72.
 
 
 4
 District courts may not construe an untimely notice of appeal as a motion for extension of time. Pettibone v. Cupp, 666 F.2d 333, 335 (9th Cir.1981). "The procedures set forth in rule 4 are strictly construed; there is no exception for prisoners proceeding pro se or for habeas corpus actions." Malone, 850 F.2d at 572.
 
 
 5
 Here, the district court entered the judgment dismissing Gulbenkian's action on November 23, 1993. Gulbenkian filed his notice of appeal on December 29, 1993, thirty-six days after the date of judgment. Thus, Gulbenkian failed to file a timely notice of appeal from the district court's judgment. See Fed.R.App.P. 4(a)(1); Malone, 850 F.2d at 571. In addition, Gulbenkian failed to file a timely motion requesting an extension of time to file a notice of appeal. See Fed.R.App.P. 4(a)(5); Malone, 850 F.2d at 571-72.
 
 
 6
 We conclude there are no "unique circumstances" that might permit us to exercise appellate jurisdiction. See Miller v. Maxwell's Int'l, Inc., 991 F.2d 583, 585 (9th Cir.1993). We have stated that the doctrine applies only when a party delays filing a notice of appeal in reliance on judicial action that indicated to that party that its notice of appeal would be timely. Alaska Limestone Corp. v. Hodel, 799 F.2d 1409, 1411-12 (9th Cir.1986) (per curiam). Gulbenkian's assertion that a court clerk told him he could not appeal does not demonstrate the justifiable reliance on judicial action which suffices to establish unique circumstances. See id. Accordingly, we lack jurisdiction to hear this appeal. See Malone, 850 F.2d at 573.[1]
 
 
 7
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of Gulbenkian's practice of filing frivolous papers, we will not entertain a petition for rehearing in this action. Cf. Demos v. United States Dist. Court for the E. Dist. of Wash., 925 F.2d 1160, 1161 (9th Cir.) ("[t]his court has the inherent power to restrict a litigant's ability to commence abusive litigation in forma pauperis"), cert. denied, 111 S.Ct. 1082 (1991); Viser v. Supreme Court of Calif., 919 F.2d 113 (9th Cir.1989). The mandate will issue forthwith