70 F.3d 119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steven M. DE LONG, Plaintiff-Appellant,
v.
Ruth MANSFIELD, Dr.; Gloria Gonzales, L.C.S.W.; Reiko
Homma True, Dr.; Patricia Denning, Dr.; Tina Yee, Dr.;
City and County of San Francisco Department of Public Health
Community Mental Health Services; City and County of San
Francisco, Defendants-Appellees.
 No. 94-16713.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1995*.
Decided Nov. 7, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Steven M. De Long appeals pro se from the district court's judgment for the City and County of San Francisco, the San Francisco Department of Public Health and Community Mental Health Services, and individual employees of the Department of Public Health. We dismiss the appeal for lack of jurisdiction.
 
 
 3
 A timely filed notice of appeal is both mandatory and jurisdictional. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978). In a civil case, the notice of appeal from a district court's judgment must be filed within thirty days of the date of judgment. Fed.R.App.P. 4(a)(1); Malone v. Avenenti, 850 F.2d 569, 571 (9th Cir.1988). The appellant may obtain an extension of time to file a notice of appeal, upon a showing of good cause or excusable neglect. Fed.R.App.P. 4(a)(5); Malone, 850 F.2d at 571. District courts may not construe an untimely notice of appeal as a motion for extension of time. See Pettibone v. Cupp, 666 F.2d 333, 335 (9th Cir.1981).
 
 
 4
 Here, the district court entered the judgment dismissing De Long's action on August 30, 1994. De Long filed his notice of appeal on September 30, 1994, thirty-one days after the date of judgment. Thus, De Long failed to file a timely notice of appeal from the district court's judgment. See Fed.R.App.P. 4(a)(1); Malone, 850 F.2d at 571. In addition, De Long failed to file a timely motion requesting an extension of time to file a notice of appeal. See Fed.R.App.P. 4(a)(5); Malone, 850 F.2d at 571-72.
 
 
 5
 Accordingly, we lack jurisdiction to hear this appeal. See FRAP 4(a)(1); Malone, 850 F.2d at 573.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3