70 F.3d 119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael GRAFMAN, Petitioner-Appellant,
v.
U.S. PAROLE COMMISSION, Respondent-Appellee.
 No. 95-15677.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1995.*
Decided Nov. 9, 1995.
 
 Before: GOODWIN, PREGERSON, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Michael Grafman appeals the district court's denial of his 28 U.S.C. Sec. 2241 petition, challenging the revocation of his parole, based on the finding of the United States Parole Commission that Grafman violated the terms of his parole by engaging in conduct involving sexual assault. Grafman acknowledges that he failed to file a timely notice of appeal with this court. Moreover, his motion for an extension of time was filed with the district court more than thirty days after the prescribed time to file a notice of appeal and thus was untimely. Fed.R.App.P. 4(a)(5). "Where an appellant fails to file a [timely] notice of appeal ... and likewise fails effectively to move for an extension of time within the 30-day grace period set forth in rule 4(a)(5), this court must dismiss the appeal for lack of appellate jurisdiction.... The procedures set forth in rule 4 are strictly construed." Malone v. Avenenti, 850 F.2d 569, 572 (9th Cir.1988). Accordingly, Grafman's appeal is dismissed for lack of jurisdiction.[1]
 
 
 3
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Grafman's request for a limited remand to the district court or a suspension of the time limits of Fed.R.Civ.P. 4 is denied