129 F.3d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ruben CONTRERAS, Petitioner-Appellant,
v.
William DUNCAN, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 97-15033.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 4, 1997.**
Nov. 6, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, No. CV-95-00367-LKK; Lawrence K. Karlton, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON, and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 California state prisoner Ruben Contreras appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his second degree murder conviction. We dismiss the appeal for lack of jurisdiction.
 
 
 3
 Although the parties did not raise the question of our jurisdiction, we have an obligation to consider jurisdictional issues sua sponte. See WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1135 (9th Cir.1997) (en banc). A timely filed notice of appeal is both mandatory and jurisdictional. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978). In a civil case, the notice of appeal from a district court's judgment must be filed within thirty days of the date of entry of judgment. See Fed.R.App.P. 4(a)(1); Malone v. Avenenti, 850 F.2d 569, 571 (9th Cir.1988). Upon a showing of good cause or excusable neglect, an appellant may obtain an extension beyond this thirty-day period. See Fed.R.App.P. 4(a)(5); Malone, 850 F.2d at 571. However, when a party seeks an extension after the initial thirty-day period has elapsed, he must do so by formal motion with notice to the other parties. See Fed.R.App.P. 4(a)(5); Malone, 850 F.2d at 571-72.
 
 
 4
 Here, the district court entered the judgment dismissing Contreras's section 2254 habeas petition on June 25, 1996. On August 7, 1996 (forty-four days later), Contreras filed a motion requesting an extension of time in which to file his notice of appeal, but failed to give notice of this motion to the State. See Fed.R.App.P. 4(a)(5); Malone, 850 F.2d at 572. Even though the district court ultimately granted the extension, notice was required and "the district court was without authority to act ex parte." See Malone, 850 F.2d at 572. Further, the district court granted the extension without requiring a showing of good cause or excusable neglect as required by Rule 4(a)(5). See id. Accordingly, because the mandatory requirements of Rule 4(a)(5) have not been met, we lack jurisdiction to hear this appeal. See Browder, 434 U.S. at 264; Malone, 850 F.2d at 572-73.
 
 
 5
 DISMISSED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3