132 F.3d 40
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael D. RIPPO, Plaintiff-Appellant,
v.
E.K. McDANIEL; D.W. Neven; C.L. Wolff; Buckner, Sgt.;
Hibbs, s/co; Cooper, c/o, Defendants-Appellees.
 No. 97-15608.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1997.**
Decided Nov. 6, 1997.
 
 Appeal from the United States District Court for the District of Nevada, No. CV-94-00592-DWH; David Warner Hagen, District Judge, Presiding.
 Before HUG, Chief Judge, PREGERSON, and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael D. Rippo, a Nevada state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action alleging violation of his First Amendment rights.
 
 
 3
 Where an appellant neither files a notice of appeal within thirty days as required by Fed. Rep.App. P. 4(a)(1) nor effectively seeks an extension of time to file a notice of appeal, we must dismiss the appeal for lack of jurisdiction. See Malone v. Avenenti, 850 F.2d 569, 572 (9th Cir.1988). This rule applies with equal force to pro se prisoner litigants. See id.; King v. Atiyeh, 814 F.2d 565, 567 (9th Cit.1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").
 
 
 4
 Here, the district court entered judgment on July 3, 1997. In an ex parte motion to file a notice of appeal signed on January 15, 1997 and filed on March 5, 1997, Rippo alleged that he had not received the district court's order of dismissal until August 26, 1996 and that he had sent a notice of appeal and letter to the clerk on September 3, 1997. This letter is not in the district court record nor it is noted on the district court docket sheet.
 
 
 5
 Assuming that Rippo's September 3, 1997 letter was received by the district court, it could not serve as a formal motion for an extension of time to file a notice of appeal. See Malone, 850 F.2d at 572 (9th Cir.1988) (refusing to construe a letter as a motion for extension of time under Fed. R.App. P. 4(a)(5)). Even if Rippo's ex parte motion to file a notice of appeal is construed as filed on January 15, 1997, see Fed. R.App. P. 4(c), it was filed outside the 180-day time limit of Fed. R.App. P. 4(a)(6).
 
 
 6
 Accordingly, we dismiss this appeal for lack of jurisdiction. See Malone, 850 F.2d at 572.
 
 
 7
 DISMISSED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3