**Anthony Anniversary EDWARDS, Petitioner—Appellant,**

**v.**

**A. LAMARQUE, Warden, Respondent— Appellee.**

No. 03–56500.

D.C. No. CV–00–00406–RT.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 15, 2005.*

Decided Oct. 3, 2005.

Lisa M. Bassis, Los Angeles, CA, for Petitioner–Appellant.

Adrianne S. Denault, Office of the Attorney General, San Diego, CA, for Respondent–Appellee.

Before GRABER, McKEOWN, and W. FLETCHER, Circuit Judges.

MEMORANDUM**

A California jury found Anthony Anniversary Edwards guilty of first degree

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

murder, second degree robbery, and accessory after the fact to murder. The jury also made special circumstances findings that Edwards committed the murder while engaged in the commission of a robbery, and that he personally used a firearm in the commission of murder. Edwards objected to an error in the trial court's jury instructions regarding the robbery-murder special circumstances. The California appellate court, and the federal district court on habeas, both deemed the error harmless. Fifty-five days after the district court denied the habeas corpus petition, Edwards submitted a motion for an extension of time to file a notice of appeal. Edwards did not serve a copy of this document to opposing parties. The district court granted the motion ex parte.

An appeal from the denial of a habeas petition is considered a "civil" matter and is thus subject to the time limitations set forth in Rule 4 of the Federal Rules of Appellate Procedure.[1] *Malone v. Avenenti*, 850 F.2d 569, 571 (9th Cir.1988). A timely notice of appeal is "mandatory and jurisdictional." *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *cf.* Rule 3(a)(2) (noting that an appellant's "failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal").

Unless the United States is a party to the suit, the petitioner must file a notice of appeal within thirty days of the date of judgment. Rule 4(a)(1). Rule 4(a)(5) provides an additional thirty-day grace period during which the petitioner may file a motion to extend the deadline for filing a notice of appeal. A Rule 4(a)(5) motion for extension must be filed on or before the sixtieth day following entry of judgment. Rule 4(a)(5)(A). If the petitioner files the motion after the expiration of the first 30-day period, "notice must be given to the other parties in accordance with local rules." Rule 4(a)(5)(B).

Edwards neither filed, nor moved for an extension to file, a notice of appeal within thirty days of the entry of judgment. Edwards filed a motion for an extension within the subsequent thirty-day grace period, but his failure to serve notice of this motion to other parties bars jurisdiction. The Supreme Court has declared that "although a court may construe the Rules liberally in determining whether they have been complied with, it may not waive the jurisdictional requirements of Rules 3 and 4, even for 'good cause shown' under Rule 2, if it finds that they have not been met." *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988).

We therefore dismiss Edwards' appeal for want of jurisdiction.

**DISMISSED.**

---

**1.** All citations to Rules refer to the Federal Rules of Appellate Procedure.