FILED

DEC 12 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
| --- | --- |
| JOHN R. HAYS, | No. 12-56872 |
| Petitioner - Appellant, | D.C. No. 5:02-cv-00478-GAF-CW |
| v. | |
| J. HAMLET and C. A. TERHUNE, | MEMORANDUM* |
| Respondents - Appellees. | |

|  |  |
| --- | --- |
| JOHN R. HAYS, | No. 13-57166 |
| Petitioner - Appellant, | D.C. No. 5:02-cv-00478-GAF-CW |
| v. | |
| J. HAMLET and C. A. TERHUNE, | |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted December 10, 2014[**]
Pasadena, California

Before: SILVERMAN, BEA, and CHRISTEN, Circuit Judges.

Petitioner John R. Hays appeals from the district court's denial of his Federal Rule of Civil Procedure 60(b) motion as an unauthorized successive habeas petition. We dismiss the appeal for lack of jurisdiction due to an untimely notice of appeal.

A habeas corpus action is considered a "civil" matter and therefore is subject to the time limitations set forth in Federal Rule of Appellate Procedure 4(a). *Malone v. Avenenti*, 850 F.2d 569, 571 (9th Cir. 1988). Under Rule 4(a)(1)(A), a notice of appeal in a civil case must be filed "within 30 days after entry of the judgment or order appealed from." "The 30-day time limit of Rule 4(a) is mandatory and jurisdictional." *Pettibone v. Cupp*, 666 F.2d 333, 334 (9th Cir. 1981). Appeals that are not timely filed "'must be dismissed for want of jurisdiction.'" *Bowles v. Russell*, 551 U.S. 205, 213 (2007).

The district court denied Hays' Rule 60(b) motion in an order entered on August 10, 2012. Hays' notice of appeal was delivered to prison authorities for

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

forwarding on October 3, 2012, more than thirty days after the order was entered.[1]

*Cf. Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that a notice of appeal by a *pro se* prisoner is considered filed for the purposes of Rule 4(a)(1) at the moment it is delivered to prison authorities for forwarding). Therefore, Hays' notice of appeal is untimely unless he is able to reopen the time to file an appeal under Federal Rule of Appellate Procedure 4(a)(6) or extend the time to file his notice of appeal under Federal Rule of Appellate Procedure 4(a)(5).

The parties agree that the district court correctly determined that it lacked jurisdiction to consider Hays' Federal Rule of Appellate Procedure 4(a)(6) motion because the motion was untimely under Rule 4(a)(6)(B). *See Bowles*, 551 U.S. at 209 (holding that the time limits set forth in 28 U.S.C. § 2107(c) and Fed. R. App. P. 4(a)(6) are "'mandatory and jurisdictional'"). Therefore, the district court did not abuse its discretion in denying Hays' Rule 4(a)(6) motion. *See Nguyen v. Sw. Leasing & Rental, Inc.*, 282 F.3d 1061, 1064 (9th Cir. 2002) ("We review the grant or denial of a motion brought pursuant to Rule 4(a)(6) for an abuse of discretion.").

---

[1] We note that Federal Rule of Appellate Procedure 4(a)(7), which governs the date on which an order is deemed filed for appeal timing purposes, states that an order is filed as soon as it is entered on the civil docket. Thus, the district court's order denying Hays' Rule 60(b) motion was filed on August 8, 2012.

Further, Hays' *pro se* "declaration of timeliness" did not qualify as a motion for extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5). When a party seeks an extension of time under Rule 4(a)(5) after the 30-day period prescribed by Rule 4(a)(1) has elapsed, "he must do so by formal motion with notice to the other parties." *Malone*, 850 F.2d at 572. Hays' "declaration of timeliness" did not constitute a formal motion for extension of time because the filing "did not explicitly request an extension of time." *Id.*

In sum, Hays' notice of appeal was filed on October 3, 2012, over thirty days after the district court denied his Rule 60(b) motion on August 10, 2012. The district court properly denied his Rule 4(a)(6) motion, and his "declaration of timeliness" did not qualify as a Rule 4(a)(5) motion. Therefore, we must dismiss the appeal for lack of jurisdiction. *See Bowles*, 551 U.S. at 213.

**DISMISSED.**