Alice HABLE, Appellant,

v.

Peter C. PAIROLERO, M.D., and R. Michael King, M.D., Appellees.

Alice HABLE, Appellee,

v.

Peter C. PAIROLERO, M.D., and R. Michael King, M.D., Appellants.

Nos. 89–5308MN, 89–5367MN.

United States Court of Appeals, Eighth Circuit.

Submitted May 16, 1990.

Decided Oct. 3, 1990.

Scott B. Lundquist, Minneapolis, Minn., for appellant.

Paul B. Klaas, Minneapolis, Minn., for appellees.

Before FAGG, Circuit Judge, and BRIGHT and HENLEY, Senior Circuit Judges.

FAGG, Circuit Judge.

Alice Hable appeals from the district court's dismissal of her medical malpractice suit against Doctors Pairolero and King. We dismiss the appeal for lack of jurisdiction.

Thirty-one days after the district court entered judgment in favor of the doctors, Hable moved for an extension of time to file her notice of appeal. Hable concedes she did not give notice of her motion to the doctors as the Federal Rules of Appellate Procedure require. *See* Fed.R.App.P. 4(a)(5). The district court granted Hable's *ex parte* motion, and Hable then filed her notice of appeal.

■ Filing requirements for appeals are mandatory and jurisdictional. *Browder v. Director, Dep't of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978); *Vogelsang v. Patterson Dental Co.,* 904 F.2d 427, 429 (8th Cir.1990). Federal Rule of Appellate Procedure 4(a)(1) provides that notice of appeal in a civil case must be filed within thirty days after the district court enters judgment. The district court, however, may extend the time for filing a notice of appeal upon motion

filed within sixty days after judgment is entered. *See* Fed.R.App.P. 4(a)(5). If the party files a motion for an extension later than thirty days after judgment is entered, notice of the motion must be given to the other parties. *Id.; Campbell v. White*, 721 F.2d 644, 645 (8th Cir.1983) ("[r]ule 4(a)(5) is clear and unambiguous and requires the filing of a motion with service of notice"). In the absence of notice of the motion, the district court lacks jurisdiction to extend the time for appeal. *Malone v. Avenenti*, 850 F.2d 569, 572–73 (9th Cir.1988); *Truett v. Johns–Manville Sales Corp.*, 725 F.2d 1301, 1302 (11th Cir.1984) (per curiam); *Oda v. Transcon Lines Corp.*, 650 F.2d 231, 232 (10th Cir.1981) (per curiam).

Hable's difficulty stems from the fact that she filed her *ex parte* motion to extend the time for filing her notice of appeal thirty-one days after judgment was entered. Having filed her motion for an extension more than thirty days after the district court entered judgment without giving notice to the doctors, Hable deprived the district court of jurisdiction to order an extension of time for appeal. *Malone*, 850 F.2d at 572–73; *Truett*, 725 F.2d at 1302; *Oda*, 650 F.2d at 233. Hable's notice of appeal is thus untimely, and we do not have appellate jurisdiction.

■ Although Hable failed to file her notice of appeal within thirty days after the district court entered judgment and also failed effectively to move for an extension of time within sixty days after the entry of judgment, Hable nevertheless argues we have· jurisdiction to entertain her appeal. Hable contends the district court's order granting her *ex parte* motion for an extension of time "lulled [her] into inactivity," and the court's error is a "unique circumstance" that justifies enlargement of the time period for filing an appeal. *See Thompson v. Immigration & Naturalization Serv.*, 375 U.S. 384, 387, 84 S.Ct. 397, 398, 11 L.Ed.2d 404 (1964) (per curiam). We disagree. The unique circumstances exception to rule 4(a) protects a party who reasonably relied on erroneous district court action that caused the party to file an untimely notice of appeal. *Insurance Co.*

*of N. Am. v. Bay*, 784 F.2d 869, 872 (8th Cir.1986); *see also Certain Underwriters at Lloyds v. Evans*, 896 F.2d 1255, 1258 (10th Cir.1990); *Parke–Chapley Const. Co. v. Cherrington*, 865 F.2d 907, 913–14 (7th Cir.1989). By its terms, the exception "applies only where a party has performed an act which, if properly done, would postpone the deadline for filing [the] appeal and has received specific assurance by a judicial officer that this act has been properly done." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 179, 109 S.Ct. 987, 993, 103 L.Ed.2d 146 (1989). That is not the case here. *See Malone*, 850 F.2d at 573–74.

■ In the past, we have directed the district court clerks to notify litigants of "the necessity of filing a timely motion for extension ... if the[ir] notice of appeal is untimely." *Campbell*, 721 F.2d at 647. We now direct the clerks to instruct litigants to give notice of their motion to opposing parties.

We dismiss Hable's appeal for lack of jurisdiction.

BRIGHT, Senior Circuit Judge, concurring.

I concur in the dismissal, but I add an observation about this case.

In appellant's motion for an extension of time, counsel stated in part:

Plaintiff respectfully moves the court to extend the time for filing Notice of Appeal, a copy of which is attached hereto, to provide for timely filing of the Notice of Appeal on June 2, 1989. This motion is made pursuant to Rule 4(a)(5) Fed.R. of App.Pro. on the ground that the untimely filing is the result of excusable neglect and good cause.

In the alternative, plaintiff respectfully urges the court to grant hearing if the Court requires notice at a time and place to be designated by the above-named court.

Joint Appendix at A–78.

As the court's opinion observes, Fed.R. App.P. 4(a)(5) contains the requirement that notice of motion for extension of time to appeal must be given to other parties

when thirty days has elapsed after entry of judgment.

Good practice dictates that any motion, even one assumed to be ex parte, should be mailed to opposing counsel. If such a practice had been followed in this case, it might have saved the appeal. *See Oda v. Transcon Lines Corp.*, 650 F.2d 231, 232 (10th Cir.1981) (per curiam).

I consider the issue a close one. Counsel here mistakenly relied on the district court's ex parte grant of an extension of time to appeal. As has been observed, the rules do not give the district court the power to grant the extension after thirty days from judgment in the absence of notice to opposing parties. The appellee did not receive a notice of motion, but did receive a copy of the order for the extension of time to appeal, mailed from the office of the clerk of the district court.

I recognize that to allow the appeal, this court would need to bend the rule even further than the Tenth Circuit decision in *Oda*. That decision determined that if notice of the motion to extend time had been sent to opposing counsel within the thirty-day grace period, then jurisdiction over the motion would have vested in the district court, even though the district court had already entered an ex parte order granting the motion. *Oda*, 650 F.2d at 232. The court reasoned that because the district court lacked jurisdiction to enter an ex parte order, the original order was void *ab initio* and jurisdiction remained in the district court until a valid order was entered. *Id.* Thus, the appellate court dismissed the appeal for lack of jurisdiction and remanded the case to the district court to determine if the notice had been given and, if so, to rule on the pending motion to extend time. *Id.* at 233.

Here, the interests of justice will not justify a further bending of the appellate rules, *cf. Campbell v. White*, 721 F.2d 644, 647 (8th Cir.1983) (Bright, J., dissenting), to allow notice of the entry of an ex parte order to constitute notice of the motion; for were I to consider the merits, I believe an affirmance would be in order, giving due deference to the interpretation of Minnesota law by the Minnesota Federal District Judge, Donald D. Alsop.

Finally, this writer wholeheartedly approves the penultimate sentence in Judge Fagg's opinion for this court that: "We now direct the [district court] clerks to instruct litigants to give notice of their motion to opposing parties." *See supra* p. 395.