Shelton E. WHITE, Appellant,

v.

R. WESTRICK, Lynn V. Hooe, Dr. Bassignwaithe, Eric Strauss, Sarah Beth Pullium, Joseph B. Bogan, Daryl Kosiak, Sandford Plotkin, Newton Jackson, Appellees.

No. 90–5497MN.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 28, 1990.

Decided Dec. 21, 1990.

Shelton E. White, pro se.

Robert Small, Asst. U.S. Atty., Minneapolis, Minn., Timothy Murphy, and Kerry Koep, St. Paul, Minn., for appellees.

Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and FAGG, Circuit Judge.

FAGG, Circuit Judge.

Shelton E. White appeals from the dismissal of his *Bivens* action against various officers and agents of the United States. We dismiss the appeal for lack of jurisdiction.

Filing requirements for appeals are mandatory and jurisdictional. *Hable v. Pairolero*, 915 F.2d 394, 394 (8th Cir.1990). When an officer or agent of the United States is a party to a civil action, the notice of appeal must be filed within sixty days after the district court enters judgment. *See* Fed.R.App.P. 4(a)(1). White, however, filed his notice of appeal seventy days after judgment was entered. White did not file a motion to extend the time for filing his notice of appeal under Federal Rule of Appellate Procedure 4(a)(5), and the district court's filing of a nunc pro tunc order fourteen days after judgment was entered correcting the spelling of one defendant's name in the judgment did not initiate a new period for filing the notice of appeal under rule 4(a)(4)(iii), *see United States v. Geophysical Corp.*, 732 F.2d 693, 701 (9th Cir. 1984) (motion to correct nonsubstantive error in judgment does not postpone time for filing notice of appeal under rule 4(a)(4)); *St. Paul Fire & Marine Ins. Co. v. Continental Casualty Co.*, 684 F.2d 691, 693 (10th Cir.1982) (same); *see also United States v. 1431.80 Acres of Land*, 466 F.2d 820, 822 (8th Cir.1972) (per curiam). Additionally, a nunc pro tunc order making a technical correction in a judgment is not a unique circumstance justifying enlargement of the time period for filing an appeal. *See Hable*, 915 F.2d at 395. Thus,

White filed an untimely notice of appeal, and we do not have appellate jurisdiction. *Id.*

Accordingly, we dismiss White's appeal.