# A. DUANE SELMAN, Plaintiff
## v.
# VIRGIN ISLANDS TAXI ASSOCIATION AND STEVE VERNAL DAVIS, Defendant

Civ. No. 1993-152

District Court of the Virgin Islands
Div. of St. Thomas and St. John

November 15, 1996

A. JEFFREY WEISS, ESQ., *for Plaintiff*

RHYS S. HODGE, ESQ., *for Defendant*

MOORE, *Chief Judge*

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's Motion for Extension of Time to File Notice of Appeal. For the reasons set forth herein, this motion will be denied.

## I. Facts

Defendant Virgin Islands Taxi Association ["VITA"], filed a motion for summary judgment on December 22, 1994, asking that plaintiff's complaint be dismissed against it. Plaintiff's counsel failed to respond to this motion.[1] On June 6, 1995, the Court entered an order granting VITA's motion for summary judgment. The Court deemed VITA's motion as conceded by the plaintiff, and was persuaded by VITA's argument that VITA did not enter into an agency relationship or joint venture with Vernal Davis. Accordingly, the Court ordered that VITA's motion for summary judgment was granted on the merits, and the plaintiff's claims against VITA were dismissed with prejudice.

Upon receiving notice of the Court's order, counsel for plaintiff filed a motion to strike VITA's motion for summary judgment, to set aside and reconsider the summary judgment order, for leave to file a response to the motion for summary judgment, to reconsider judgment under Rule 59, and for relief from judgment under Rule 60. The grounds asserted by plaintiff's counsel were:

(1) Defendant failed to serve a copy of the motion for summary judgment and affidavit and also failed to provide a certificate of service as required by Federal Rule of Civil Procedure 5;

(2) VITA's motion was untimely under this Court's scheduling order which required that any motion for summary judgment be filed by May 18, 1994;

(3) The affidavit of Charles Gomez, which serves as the factual basis for the motion for summary judgment, is not based on personal knowledge, and is conclusory in nature without supporting facts;

(4) Plaintiff's failure to respond was not intentional, and was based upon mistake, inadvertence, or excusable neglect, since Attorney Wagner believed that an immediate response was not necessary. His recollection was that

---

[1] Plaintiff was represented by Attorney A. Jeffrey Weiss as local counsel, and Attorney James P. Wagner, who was admitted *pro hac vice*.

the Magistrate Judge had stated that no response was necessary until discovery was completed, and the motion for summary judgment was to be heard by the Court;

(5) Genuine issues of material fact exist.

The Court, after careful consideration, denied all motions filed by plaintiff's counsel. Under Local Rule of Civil Procedure 56.2, a party has twenty days to respond to a motion for summary judgment. After such time, the Court was free to consider the merits under LRCi 56.2, even without a hearing. LRCi 7.2(b). Familiarity with the local rules was presumed, even for counsel admitted *pro hac vice*. Under the local rules, the Court found that the relief requested by the plaintiff was not proper. This order was issued on March 27, 1996.

Plaintiff next filed a notice of appeal, the deadline for which was April 29, 1996. The notice was prepared in Texas and signed by off-island counsel over the name of local counsel. Unfortunately, the notice of appeal was not received by the Clerk's Office until April 30, 1996, even though it had been sent by express mail. The appeal was docketed in the United States Court of Appeals for the Third Circuit under the number 96-7294.

On May 20, 1996, defendant filed a motion to dismiss in the Court of Appeals on the grounds that the appeal was not prosecuted in a timely manner. In response, plaintiff filed in this Court a motion for extension of time to file a notice of appeal on May 23, 1996. Plaintiff asserted the claims already detailed herein, and asked that this Court consider the notice timely filed, stating that the delay was due to circumstances beyond counsel's control and arguing that plaintiff had satisfied the requirement of excusable neglect or good cause set forth in *Ramseur v. Beyer*, 921 F.2d 504, 506-07 (3d Cir. 1990). VITA filed an opposition to this motion on the grounds that local counsel was available to perfect the appeal or to make sure the notice got filed on time, yet Texas counsel failed to work through him or to exercise the diligence required for plaintiff to now claim excusable neglect or good cause to justify an extension for filing the notice.

On July 18, 1996, the Court of Appeals for the Third Circuit ordered that the appeal be dismissed for failure to timely prose-

cute. Subsequently, the Court of Appeals reconsidered this dismissal and asked this Court to rule whether the notice of appeal should be considered timely filed.

## II. Discussion

■ The order appealed from in this matter was entered on March 28, 1996. Rule 4 of the Federal Rules of Appellate Procedure requires that a notice of appeal be filed within thirty days after the date of entry of judgment or order appealed from. Because the deadline would have fallen on April 27, a Saturday, the deadline was extended to April 29, a Monday. *See* FED. R. CIV. P. 6(a).

Since the notice of appeal was not received until April 30, a day after the deadline, it was not timely filed. Rule 4 of the Federal Rules of Appellate Procedure, however, allows the district court, upon a showing of excusable neglect or good cause, to extend the time for filing a notice of appeal for an additional thirty days. FED. R. APP. P. 4(a)(5).

■ Plaintiff has cited cases describing the standards of excusable neglect and good cause, most notably *Ramseur v. Beyer*, 921 F.2d 504 (3d Cir. 1990) and *Consolidated Freightways Corp. of Del. V. Larson*, 827 F.2d 916 (3d Cir.), *cert. denied*, 484 U.S. 1032 (1987). Unfortunately, these cases have no relevance to the circumstances of this case. Even though counsel for plaintiff had been educated by this Court's ruling on March 27, 1996, that the local rules must be followed, Texas counsel failed to do so in attempting to perfect plaintiff's appeal. Counsel prepared the notice in Texas and submitted it directly to the Clerk of this Court. Rule 83 of the Local Rules of Civil Procedure of the District Court of the Virgin Islands requires that all papers be signed and filed with the Court by *local counsel*; they may not be filed directly by counsel admitted *pro hac vice*. *See* LRCi 83.1(3). The reasons for this rule are many and obvious, one of which is to avoid situations such as those which we have confronted here, where difficulties are presented by the pro hac vice counsel's lack of proximity to the Court and unfamiliarity with the Court's customs, procedures and local rules.

■ It is apparent that Texas counsel was aware that the notice had to be filed by local counsel, for it was prepared for Mr. Weiss'

signature. Inexplicably, however, rather than simply faxing the notice to local counsel for him to sign and file, Texas counsel signed his own name above that of local counsel and mailed the notice directly to the Clerk. Such violation of this Court's rules cannot amount to excusable neglect, much less good cause, even taking into consideration that the notice was delayed in the mail.

It is inexcusable that plaintiff's attorneys would submit a filing which had not been signed by the local counsel. Thirty days was more than ample time for preparing and properly filing plaintiff's notice of appeal, especially when the very ruling being appealed had put counsel on notice of the importance of the Court's local rules. Accordingly, the Court will deny plaintiff's motion for extension of time to file his notice of appeal.

ENTERED this 15th day of November, 1996.

## ORDER

For the reasons set forth in the accompanying Memorandum, it is hereby

ORDERED that plaintiff's Motion for Extension of Time to File Notice of Appeal is DENIED.

ENTERED this 15th day of November, 1996.