SLAVIN PRODUCTIONS, INC., General Partner, t/a Melange, Limited Partnership,

v.

**FIDELITY AND GUARANTY INSURANCE UNDERWRITERS, INC.**

No. Civ.A. 97–6341.

United States District Court, E.D. Pennsylvania.

July 24, 1998.

---

Harry P. Begier, Jr., Philadelphia, PA, for plaintiffs.

Francis J. Deasey, James B. Burns, Deasey, Mahoney & Bender, Ltd, Philadelphia, PA, for defendant.

## MEMORANDUM

BARTLE, District Judge.

Presently before the court is the motion of plaintiff Slavin Productions, Inc. to extend the time for filing a notice of appeal pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure. Rule 4(a)(5) permits this court to do so upon a showing of "excusable neglect or good cause." Fed.R.App.P. 4(a)(5).[1]

Plaintiff, the owner of an upscale Philadelphia restaurant, sued defendant Fidelity and Guaranty Insurance Underwriters, Inc., for breach of contract and bad faith in connection with a number of property losses plaintiff had suffered over an approximately one year period. The case was tried before a jury which returned a verdict in favor of the defendant on March 30, 1998. Judgment for the defendant was entered the same day. On April 1, 1998, plaintiff's counsel filed a withdrawal of his appearance, without another attorney entering an appearance on behalf of plaintiff and without court approval. See Loc.R.Civ.P. 5.1(c). Nonetheless, on April 9, 1998, the same counsel for plaintiff, who had eight days earlier withdrawn his appearance, filed a motion for a new trial pursuant to Rule 59(a) of the Federal Rules of Civil Procedure. This court denied plaintiff's motion on June 3, 1998. The order was entered on the docket on June 4, 1998. Pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, the parties then had 30 days to file any notice of appeal. None was filed.

On July 10, 1998, after the 30 day period had expired, plaintiff's counsel filed a motion to extend the time for filing a notice of appeal. According to his verified statement which accompanied the motion, the clerk's office had mailed a copy of the June 3, 1998 order to defense counsel only, and not to him. In an additional verified statement, plaintiff's counsel states:

... after the filing of the motion for new trial I periodically checked the docket in this matter almost weekly until the end of May, 1998; that upon being questioned by my client how long it could take to receive an order on the motion, I advised the client that I expected a further lengthy delay since almost two months had passed without the court making a decision obviously indicating there were complex issues facing the court in making its decision; that in view of the foregoing I stopped checking the docket on a weekly basis at the end of May, 1998. ...

■ Plaintiff's counsel contends that the failure of the clerk to notify him of the June 3, 1998 order was the reason for his failure to file a timely notice of appeal. He argues that the clerk's error is sufficient for this court to find excusable neglect or good cause and grant the pending motion to extend time.[2]

■ In determining whether a party's failure to file a timely notice of appeal is the result of excusable neglect, we must consider the various factors laid down in *Consolidated Freightways Corp. Of Delaware v. Larson,* 827 F.2d 916, 919 (3d Cir.1987): "(1) whether the inadvertence reflects professional incompetence ...; (2) whether the inadvertence [is] merely an ... excuse incapable of verification by the court; (3) whether the tardiness results from counsel's failure to provide for a readily foreseeable consequence; (4) whether the inadvertence reflects a complete lack of diligence; or (5) whether the ... inadvertence resulted despite counsel's ... efforts toward compliance." The standard

1. Rule 4(a)(5) provides in pertinent part: "[t]he district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by Rule 4(a)." Fed.R.App.P. 4(a)(5).

2. Good cause is not in issue here as this standard is only applicable when there is a motion for an extension of time before the expiration of the 30 day appeal period. Fed.R.App.P. 4(a)(5), 1979 Advisory Committee Note.

for judging a party's claim of excusable neglect is a strict one. *Larson*, 827 F.2d at 918.

By unilaterally withdrawing his appearance on April 1, 1998, plaintiff's counsel undoubtedly led the clerk's office to conclude that he was no longer in the case. As a result, it did not mail him a copy of this court's June 3, 1998 order. While it is true that he filed the motion for a new trial on April 9, which constitutes an entry of appearance under Rule 5.1 of our Local Rules of Civil Procedure, he did not file a separate new Entry of Appearance form which would have made it clear to the clerk's office that he was back in the case.

Counsel's verified statement establishes that he was acting diligently through the end of May. "Almost weekly" he called the clerk's office to check on the status of the pending motion for new trial. Then he stopped. He changed his modus operandi at that point because "he expected a further lengthy delay since almost two months had passed without the court making a decision, obviously indicating there were complex issues facing the court in making its decision...." We do not understand how this reasoning can support his pending motion faulting the clerk's office. While Rule 77 of the Federal Rules of Civil Procedure requires the clerk's office to mail a copy of an order to counsel or unrepresented party, counsel clearly knew not to rely and did not rely solely on this requirement. *See Vianello v. Pacifico*, 905 F.2d 699 (3d Cir.1990). He was well aware of the importance of checking the docket regularly because he did so for a period of time. He then made a judgment that the court was not going to decide the motion for a new trial any time soon because of the "complex issues" involved. Consequently, he discontinued his frequent check of the docket. It was this miscalculation that caused his present predicament. Unfortunately, under the test laid down by the Court of Appeals in *Larson*, excusable neglect does not exist under these circumstances.

**3.** Curiously, plaintiff's counsel did not file a motion under Rule 4(a)(6) of the Federal Rules of Appellate Procedure which may have afforded

We will deny plaintiff's motion to extend time for filing a notice of appeal.[3]

### ORDER

AND NOW, this 24th day of July, 1998, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of plaintiff to extend time for filing notice of appeal is DENIED.

him the relief he requests in the present motion. However, this issue is now moot as the time limit for filing under Rule 4(a)(6) has expired.