**Imad HAMZI, Plaintiff–Appellant,**

v.

**MINNESOTA MUTUAL LIFE INSURANCE COMPANY, Defendant–Appellee.**

**No. 99–9133.**

United States Court of Appeals, Second Circuit.

Filed: Oct. 7, 1999.

Decided: Nov. 17, 1999.

Robert L Wyld, Hartford, CT (Shipman & Goodwin, Harford CT), for Defendant–Appellee.

Before: McLAUGHLIN, JACOBS and SACK, Circuit Judges.

PER CURIAM.

Minnesota Mutual Life Insurance Company ("Minnesota Life") moves to dismiss this appeal for lack of appellate jurisdiction. We grant the motion.

Appellant Imad Hamzi, who failed to file a notice of appeal from the civil judgment within the time prescribed by Fed. R.App. P. 4(a)(1), thereafter filed an *ex parte* motion in the district court for an extension of time under Fed. R.App. P. 4(a)(5). Minnesota Mutual argues that the rules did not allow Hamzi to make that motion *ex parte*, and that his doing so was a jurisdictional defect that deprived the district court of authority to grant an extension. As this motion implicates a question of first impression in this Circuit, we decide the motion by published opinion.

\* \* \*

Rule 4(a)(5) provides:

(A) The district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) that party shows excusable neglect or good cause.

(B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be *ex parte* unless the court requires otherwise. *If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.*

(C) No extension under this Rule may exceed 30 days after the prescribed time or 10 days after the date when the order

granting the motion is entered, whichever is later.

Fed. R.App. P. 4(a)(5) (emphasis added).

■ An extension under the Rule must be sought by motion filed no later than 30 days after the expiration of the prescribed time to appeal. See *Cohen v. Empire Blue Cross and Blue Shield,* 142 F.3d 116, 118 (2d Cir.1998). If made before the expiration of the time prescribed to appeal, such a motion may be made *ex parte.* But if the motion for extension is filed after the prescribed time, it must be made with notice to the other parties or else the district court will lack authority to grant it.

■ Following the lead of every circuit to have considered the issue, we conclude that the notice requirements of Rule 4(a)(5)(B) are "mandatory and jurisdictional," *Hable v. Pairolero,* 915 F.2d 394, 394 (8th Cir.1990), and that a party's failure to notice opposing counsel of a motion for extension filed after the expiration of the prescribed time deprives a district court of its authority to entertain the motion. *See e.g., Malone v. Avenenti,* 850 F.2d 569, 571 (9th Cir.1988); *Truett v. Johns–Manville Sales Corp.,* 725 F.2d 1301, 1302 (11th Cir.1984); *Oda v. Transcon Lines Corp.,* 650 F.2d 231 (10th Cir.1981); *see also* Moore's Federal Practice § 304.14(2)(c) ("[T]he circuit court lacks jurisdiction over an appeal in circumstances where a motion for an extension under Appellate Rule 4(a)(5), filed after the expiration of time to appeal, is granted on an *ex parte* basis.").

In cases (such as this) not involving the United States as a party, the time prescribed by Rule 4(a) to appeal a final judgment is thirty days after entry. Here, the district court entered final judgment in favor of Minnesota Life and dismissed Hamzi's claim (for lack of subject matter jurisdiction) on July 6, 1999; Hamzi filed his notice of appeal together with a motion for extension of time for appeal on August 16, 1999, forty-one days later. As it is undisputed that Hamzi failed to give the defendants notice of this motion pursuant to Rule 4(a)(5)(B), we hold (1) that the district court lacked jurisdiction to order an extension of time for Hamzi's appeal, (2) that Hamzi's notice of appeal is therefore untimely, and (3) that we lack appellate jurisdiction.

Minnesota Life's motion to dismiss this appeal for lack of appellate jurisdiction is granted.