**NEW JERSEY PAYPHONE ASSOCIATION, INC., Plaintiff,**

v.

**TOWN OF WEST NEW YORK, Defendant.**

**No. CIV. A. 00–1843AMW.**

United States District Court, D. New Jersey.

Aug. 2, 2001.

Dennis Carl Linken, Stryker Tams Dill, Newark, NJ, for Plaintiff.

Joseph R. Mariniello, Fort Lee, NJ, for Defendant.

## MEMORANDUM OPINION

WOLIN, District Judge.

This matter is opened before the Court upon the motion of defendant, Town of West New York (the "Town"), to extend the time to file an appeal. The motion has been decided upon the written submissions of the parties pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, defendant's motion will be granted.

## BACKGROUND

In *New Jersey Payphone Assoc. v. Town of West New York*, 130 F.Supp.2d 631 (D.N.J.2001), this Court enjoined defendant from enforcing an ordinance that allowed it to award an exclusive contract to provide pay telephone services in the Town to the highest bidder. The Court issued its Opinion and Order on March 7, 2001 (entered March 9th). On March 23, 2001 (entered March 26th), the Opinion and Order were amended to correct the spelling of one attorney's name and to include the names of additional attorneys before submission of the Opinion for publication. Defendant filed a Notice of Appeal on April 12, 2001 (entered April 17th), and a motion to extend the time to file an appeal on April 20, 2001 (entered April 23rd).

## DISCUSSION

 If the deadline to file an appeal is calculated from the date the amended Opinion was entered, defendant's appeal is timely. However, if the deadline is calculated from the date the first opinion was entered, defendant's appeal is time-barred. An appeal must be filed "within thirty days after the judgment or order appealed from is entered." Fed. R.App. P. 4(a)(1)(A). When an opinion is amended, but the amendment is non-substantive, the dead-

line is calculated from the date the first opinion was entered. *Federal Trade Comm'n v. Minneapolis–Honeywell Regulator Co.*, 344 U.S. 206, 211, 73 S.Ct. 245, 97 L.Ed. 245 (1952) (holding "the mere fact that a judgment previously entered has been reentered or revised in an immaterial way does not toll the time within which review must be sought"); *Gillis v. Hoechst Celanese Corp.*, 4 F.3d 1137 (3d Cir.1993); *White v. Westrick*, 921 F.2d 784 (8th Cir. 1990) (holding that the correction of the spelling of a party's name did not toll the deadline for filing an appeal). Because in *New Jersey Payphone Assoc.* the amendments were minor (the correction of the spelling of one attorney's name and the addition of names of others), it appears that defendant's appeal is time-barred. Defendant appears to concede this point in its motion to extend the time to file an appeal.

However, defendant argues that the appeal period should be extended due to its mistake. (Pl.'s Br. at 2–3.) The Court may extend the time to file a notice of appeal if there is "excusable neglect or good cause." Fed. R.App. P. 4(a)(5)(A). Once the appeal period has expired, "excusable neglect," rather than "good cause," is the governing standard. Fed. R.App. P. 4(a)(5); *Consolidated Freightways Corp. of Del. v. Larson*, 827 F.2d 916 (3d Cir.1987). Defendant further argues that the magnitude of the issue addressed in *New Jersey Payphone Assoc.* warrants an extension of the appeal period. The Court will address each argument in turn.

## I. Miscalculation of the Deadline

■ Defendant argues that its miscalculation of the deadline constitutes "excusable neglect." (Pl.'s Br. at 3.) In order to determine whether defendant has shown "excusable neglect," the Court will apply both the factors set forth in *Consolidated*

*Freightways Corp. of Del. v. Larson*, 827 F.2d 916 (3d Cir.1987), and the factors promulgated in *Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

The district courts in this circuit have long applied factors set forth in *Larson* to determine "excusable neglect." *See, e.g., Ryder v. Costello*, No. CIV.A.98–5725, 2000 WL 694774 (E.D.Pa. May 31, 2000); *Slavin Prods., Inc. v. Fidelity & Guaranty Ins. Underwriters*, 30 F.Supp.2d 838 (E.D.Pa.1998). The *Larson* factors are: 1) whether the inadvertence reflects professional incompetence such as ignorance of the rules of procedure; 2) whether the asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court; 3) whether the tardiness results from counsel's failure to provide for a readily foreseeable consequence; 4) whether the inadvertence reflects a complete lack of diligence; or 5) whether the court is satisfied that the inadvertence resulted despite counsel's substantial good faith efforts toward compliance. *Larson*, 827 F.2d at 919.

■ However, the Supreme Court promulgated other factors to analyze "excusable neglect" in *Pioneer*. To resolve a circuit split regarding the analysis of "excusable neglect," the Supreme Court held that the analysis should be an equitable one and suggested the following factors: "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395, 113 S.Ct. 1489.

Although the *Pioneer* Court analyzed "excusable neglect" in the context of Federal Rule of Bankruptcy Procedure

9006(b)(1), it is clear to this Court that the High Court intended the same factors to be applied in Federal Rule of Appellate Procedure 4(a)(5) cases as well. *See Pioneer,* 507 U.S. at 387 n. 3, 113 S.Ct. 1489 (noting that the appellate courts were divided in their analysis of "excusable neglect" in both bankruptcy and appeal deadline cases). However, the Third Circuit has not yet applied the *Pioneer* factors in those cases. *Stutson v. United States,* 516 U.S. 193, 116 S.Ct. 600, 133 L.Ed.2d 571 (1996) (noting that the 1st, 8th, 9th, and 10th Circuits have applied the *Pioneer* factors in appeal deadline cases); David N. May, *Pioneer's Paradox: Appellate Rule 4(a)(5) and The Rule Against Excusing Ignorance of Law,* 48 Drake L.Rev. 677 (2000). But at least one district court in this circuit has used the *Pioneer* factors to analyze "excusable neglect" in the context of a missed appeal deadline. *Christen G. v. Lower Merion Sch. Dist.,* No. CIV.A.94–7742, 1996 WL 273672 (E.D.Pa. May 15, 1996). Moreover, the Third Circuit has applied the *Pioneer* factors to analyze "excusable neglect" in cases other than bankruptcy ones, such as Federal Rule of Civil Procedure 23 and 60(b) cases. *E.g., In re Orthopedic Bone Screw Prods.,* 246 F.3d 315 (3d Cir.2001); *In re Cendant Corp. PRIDES,* 235 F.3d 176 (3d Cir.2000). Therefore, this Court will apply the *Pioneer* factors to determine "excusable neglect" in the context of the appeal deadline. In the interest of thoroughness, the Court also will apply the *Larson* factors in a more detailed consideration of *Pioneer* 's "reason for the delay" factor. *See In re Orthopedic,* 246 F.3d at 323 (noting that the *Larson* factors "present a more specific application of the general considerations later announced by the Supreme Court in *Pioneer* ").

The Court finds that an analysis of three of the four *Pioneer* factors clearly weighs in favor of granting defendant's motion. Because the delay in the instant case is *de minimus,* the Court finds that the first two factors weigh in favor of defendant ("the danger of prejudice to the [non-movant]" and "the length of the delay and its potential impact on judicial proceedings"). Because defendant moved quickly to file its notice of motion to extend the time to file an appeal, the Court finds that the fourth factor, "whether the movant acted in good faith," also weighs in favor of defendant. Furthermore, because the delay was negligible, the Court finds it implausible that defendant's motives were nefarious.

The Court finds it more difficult to analyze the third factor, "the reason for the delay, including whether it was within the reasonable control of the movant." To aid its analysis, the Court will apply the factors suggested in *Larson.*

The Court finds that four of the five *Larson* factors clearly weigh in favor of granting defendant's motion. The second factor is "whether the asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court." The Court can and has verified that the Opinion was amended, and defendant's appeal was filed within thirty days of the amended Opinion. The third factor is "whether the tardiness results from counsel's failure to provide for a readily foreseeable consequence." Perhaps counsel, when confronted with two opinions, should have researched which opinion would determine the deadline (and/or indicated to his support staff which opinion would be determinative). However, this does not seem to be the type of "readily foreseeable consequence" that the *Larson* court had in mind. *See id.* at 919 (citing *United States v. Commonwealth of Virginia,* 508 F.Supp. 187 (E.D.Va.1981)) (holding "failure to arrange coverage during attorney's vacation which encompassed end of appeal period

not excusable"). The fourth factor is "whether the inadvertence reflects a complete lack of diligence." Again, perhaps counsel should have made a greater effort to determine which opinion would dictate the deadline to appeal. However, the Court finds the fact that counsel promptly filed the instant motion is evidence of his diligence. The fifth factor is "whether the court is satisfied that the inadvertence resulted despite counsel's substantial good faith efforts toward compliance." Counsel did file the Notice of Appeal well before the date he believed was the deadline, and only three days after the actual deadline. The Court finds this to be evidence of counsel's good faith.

The Court finds the most difficult *Larson* factor to apply to be the first, "whether the inadvertence reflects professional incompetence such as ignorance of the rules of procedure." Defendant's motion states that the miscalculation "was caused by the confusion of the final [j]udgment dates, this office having counted the days for the Notice of Appeal from the last entered amendment." (Pl.'s Br. at 2.) It is unclear from this statement whether the miscalculation was the result of a clerical error or the result of ignorance of the rules of procedure.

Courts in this circuit have granted motions to extend in instances of clerical error, such as when an attorney marked the wrong date on the calendar. *See, e.g., Traveler's Indemnity Co. v. Greenfield,* No. CIV.A.88–6845, 1990 WL 31911 (E.D.Pa. March 21, 1990). In at least one instance, a court has found "excusable neglect" when an attorney simply assumed a motion had been filed on a particular date without confirmation. *See, e.g., Christen G.,* 1996 WL 273672, at *2 (holding "[w]hile the Court finds that there is no doubt that [p]laintiff's counsel could have done more than she did to confirm the proper date ... [it] concludes that [she] filed the cross-appeal in the good faith belief that it was timely").

On the other hand, courts have not found "excusable neglect" when an attorney was clearly confronted, yet failed to comply, with the rules of procedure. *See, e.g., United States v. Smithkline Beecham Clinical Labs., Inc.,* 1998 WL 54379, at *2 (E.D.Pa. January 29, 1998) (finding no "excusable neglect" when attorney "conscious[ly] and knowing[ly]" decided not to file an appeal because he believed his earlier appeal was not premature, despite court indicating otherwise); *Selman v. Virgin Islands Taxi Assoc.,* 946 F.Supp. 409 (3d Cir.1996) (holding attorney's failure to have local counsel sign and file notice in accordance with local rules did not constitute "excusable neglect" when attorney had notice of local rules).

The instant case does not seem to be one in which counsel was clearly confronted with the procedural rule, yet failed to follow it. In addition, it is possible that the error was a clerical one by counsel's staff. In either event, the Court is satisfied that defendant's counsel made a good faith effort to comply with proper procedure. *See Larson,* 827 F.2d at 919 (noting "there is a qualitative distinction between inadvertence which occurs despite counsel's affirmative efforts to comply and inadvertence which results from counsel's lack of diligence"). Therefore, the *Pioneer* and *Larson* factors weigh in favor of granting defendant's motion to extend the time to file a notice of appeal.

## II. Magnitude of the Issue

Defendant also argues that "[t]his is an issue of serious magnitude to many Municipalities in the State of New Jersey and should be determined by the Court of Appeals." (Pl.'s Br. at 2.) The Court cannot simply extend defendant's deadline at

its discretion. *Minneapolis–Honeywell Regulator*, 344 U.S. at 211, 73 S.Ct. 245 (noting "the time within which a losing party must seek review cannot be enlarged just because the lower court in its discretion thinks it should be enlarged"). On the other hand, courts in this circuit have expressed a reluctance to foreclose adjudication of the merits of a dispute, particularly where the issues are of public importance. *See, e.g., Christen G.*, 1996 WL 273672, at *2 (citing *Larson*, 827 F.2d at 920) (noting "this litigation presented important questions of constitutional law and statutory interpretation, and a two day delay in the filing ... should not 'undermine the judicial interest in deciding cases on the merits' "); *Torockio v. Chamberlain Mfg. Co.*, 56 F.R.D. 82, 88 (W.D.Pa.1972), *aff'd* 474 F.2d 1340 (3d Cir.1973) (noting court was "not inclined to even preliminarily deny any party to any litigation a right to appeal"); *Traveler's*, 1990 WL 31911, at *4 (noting, under circumstances of case, "the loss of right to appeal is too great a penalty to extract").

This Court is similarly reluctant to bar defendant's appeal because of an arguably technical and *de minimus* procedural error. Moreover, the Court notes that this reasoning is in accord with that expressed in *Larson*: "the interest in finality must be balanced against the need to allow justice to take its course, and not have it thwarted by some minute technical error." *Larson*, 827 F.2d at 920. In the case *sub judice*, defendant's counsel has shown that he acted in good faith and had a reasonable basis for his error. That, and the significance of the issue addressed in *New Jersey Payphone Assoc.*, weigh in defendant's favor. While the Court is satisfied that the reasons set forth in the preceding section warrant granting defendant's motion, the importance of the issue at stake further reinforces the conclusion that defendant's

motion to extend the time to file an appeal should be granted.

## CONCLUSION

For the foregoing reasons, the Court will grant defendant's motion to extend the time to file an appeal.

An appropriate Order is attached.

## ORDER

In accordance with the Court's Memorandum Opinion filed herewith,

It is on this 2d day of August, 2001

**ORDERED** that defendant's motion to extend the time to file an appeal is hereby granted.