**Walter Christian MEYER IV, Plaintiff,**

**v.**

**QUALEX, INC. and Eastman Kodak Company Defendants.**

**No. 5:04–CV–5–FL(2).**

United States District Court,
E.D. North Carolina.
Western Division.

March 31, 2006.

Walter Christian Meyer, IV, Raleigh, NC, Pro se.

Thomas J. Manley, Hunton & Williams, LLP, Raleigh, NC, Wood W. Lay, Hunton & Williams, Charlotte, NC, J. Keith Coates, Jr., Hunton & Williams, LLP, Raleigh, NC, for Qualex, Inc., Eastman Kodak Company, Defendants.

## ORDER

FLANAGAN, Chief Judge.

This matter comes now before the court on plaintiff's *pro se* motion for an extension of time to file a notice of appeal (DE # 56), filed February 15, 2006. The instant motion was necessitated by the fact that plaintiff failed to file his notice of appeal within 30 days after this court denied plaintiff's motion for reconsideration (Order, DE # 55, Dec. 16, 2005), as required by Fed. R.App. P. 4(a)(1)(A). Plaintiff's motion for reconsideration, in turn, was denied in part because it was filed five days outside the time limitations established for such motions by Fed. R.Civ.P. 59(e). The motion for reconsideration was occasioned, in turn, upon plaintiff's complaint that he did not have an adequate opportunity to respond in opposition to defendants' motion for summary judgment, even though he specifically requested (and was granted) an extension of time to respond (Order, DE # 47, June 23, 2005), and failed to do so within the time allowed by the court.

Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure provides that "[t]he district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) . . . that party shows excusable neglect or good cause."

Commendably, plaintiff filed the instant motion in a timely fashion. Applying Fed. R.App. P. 4(a)(1), plaintiff's notice of appeal would have been due on or before Tuesday, January 17, 2006 (since the thirtieth day following entry of the Order appealed from fell on the preceding Sunday, and that Monday was a federal holiday, *see* Fed.R.Civ.P. 6(a)). Thirty days after that date results in a deadline of February 16, 2006 for filing a motion for extension of time pursuant to Fed. R.App. P. 4(a)(5)(A). Since plaintiff's motion was filed on February 15, 2006, this court may entertain it.

Plaintiff argues that his tardiness should be excused because he inadvertently and mistakenly excluded weekends and holidays in calculating the relevant time period for filing his notice of appeal. *See* Fed. R.Civ.P. 6(a) (allowing for the exclusion of "intermediate Saturdays, Sundays, and legal holidays" in the computation of time only when the prescribed time period is *less than 11 days* ). In *Pioneer Inv. Serv. Co. v. Brunswick Assoc. L.P.*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the Supreme Court defined "neglect" as encompassing "late filings caused by inadvertence, mistake, or carelessness." However, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Id.* at 392, 113 S.Ct. 1489; *see also Mouly v. E.I. Dupont De Nemours & Co.*, 181 F.3d 89, 1999 WL 366541, at *1 (4th Cir.1999).

■ The Fourth Circuit has held that findings of excusable neglect should be reserved for *"extraordinary cases," Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir.1996), and late filings attributable to a *pro se* plaintiff's severe psychiatric disorder (plaintiff in this case claims to suffer from bipolar depression and attention deficit disorder) might in some circumstances constitute such an extraordinary case. As detailed above, however, this plaintiff has demonstrated consistent and inexcusable disregard for the filing deadlines and other procedural rules established by the court,

and knew well the consequences of doing so. On other occasions, however, plaintiff demonstrated a marked familiarity with the rules of procedure and has used them toward his own ends. *Cf. Lambert v. Gates County,* 2001 WL 34556318 (E.D.N.C. Sept. 21, 2001). Indeed, plaintiff's contention that he innocently misapplied the time calculation rules borders on the incredible, since, in his June 17, 2005 "Motion to Extend the Deadline to Respond to Defendants' Motion for Summary Judgment," plaintiff specifically cited to Fed.R.Civ.P. 6 to correctly calculate the deadline to file his response. (DE # 47, at 2.)

 Finally, although plaintiff's motion contains a certificate of service, defendants aver that they were not served with a copy of the motion and received no notice of its filing until March 3, 2006, when defense counsel received email notification from the court. (Def's Resp. Br., DE # 58, at 2 n. 2.) Rule 4(a)(5)(B) explicitly forbids *ex parte* motions for extensions of time outside the 30–day window for taking appeals as of right, and when a prospective appellant desires to argue excusable neglect, the Rule is "clear and unambiguous" in requiring "the filing of a motion *with service of notice.*" *Hable v. Pairolero,* 915 F.2d 394, 395 (8th Cir.1990) (emphasis added) (quoting *Campbell v. White,* 721 F.2d 644, 645 (8th Cir.1983)). Although defendants did fortuitously receive notice and were able to respond before the court acted on the motion, plaintiff's additional misconduct in failing to comply with the service requirements of Fed. R.App. P. 4(a)(5)(B) at worst deprives the court of jurisdiction over the motion, *see Hable,* 915 F.2d at 395, and at least defeats any argument that plaintiff's motion is supported by good cause.

Because plaintiff has failed to demonstrate excusable neglect or other good cause justifying allowance of the motion for an extension of time to file a notice of appeal, plaintiff's motion (DE # 56) is DENIED. The clerk is DIRECTED to again close this case.