SUMMARY ORDER
Petitioner Vincent Walker appeals from an order denying a motion to reinstate his petition for habeas corpus. We assume the parties’ familiarity as to the facts, procedural history, and issues raised on appeal.
“In a civil case, ... the notice of appeal ... must be filed with the district clerk •within 30 days after the judgment or order appealed from is entered.” Fed. R.App. P. 4(a)(1)(A); see also 28 U.S.C. § 2107(a) (prescribing that “no appeal shall bring any judgment ... of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment”). “Compliance with Rule 4(a) is ‘mandatory and jurisdictional.’ ” Williams v. KFC Nat’l Mgmt. Co., 391 F.3d 411, 415 (2d Cir.2004) (quoting Browder v. Dir., Dep’t of Carr., 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978)). As such, “[i]f a notice of appeal is filed beyond the period allowed by [Rule] 4(a), the court of appeals lacks subject matter jurisdiction to hear the appeal.” Endicott Johnson Corp. v. Liberty Mut. Ins. Co., 116 F.3d 53, 56 (2d Cir.1997); accord Bowles v. Russell, 551 U.S. 205, 127 S.Ct. 2360, 2363-64, 168 L.Ed.2d 96 (2007); Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam).
Petitioner filed a notice of appeal more than 30 days after the order he appealed was entered. Although the District Court granted him an extension under Fed. R.App. P. 4(a)(5), it was incorrect to do so. Under that rule, when a party requests that a court extend time to file a notice of *54 appeal, “notice must be given to the other parties in accordance with local rules.” Fed. R.App. P. 4(a)(5)(B). This notice requirement is “mandatory and jurisdictional,” and “failure to notice opposing counsel of a motion for extension filed after the expiration of the prescribed time deprives a district court of its authority to entertain the motion.” Hamzi v. Minn. Mut. Life Ins. Co., 196 F.3d 372, 373 (2d Cir.1999) (per curiam) (internal quotation marks and citation omitted). There is no evidence that Petitioner did notify Respondent. For this reason, the District Court lacked authority to extend time to file. The notice of appeal was therefore untimely, and we lack jurisdiction over the appeal. See id.
The appeal from the order of the District Court is therefore DISMISSED.